## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN DOE (said name being fictitious),

      Plaintiff,

v.

DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, SCOTT MCKINNEY, individually and in his official capacity as Superintendent of Schools, ASHLEY MIRANDA, individually and in her official capacity as school counselor, MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, ANGELICA ALLEN-McMILLAN, in her official capacity as Acting Commissioner of the New Jersey Department of Education, and JOHN ROES 1-10 (said names being fictitious), individually and in their official capacities,

      Defendants.

Civil No.

**ORDER GRANTING PRELIMINARY RELIEF, INCLUDING INJUNCTIONS.**

**THIS MATTER**, having been opened to the Court by Murray-Nolan Berutti LLC (Ronald A. Berutti, Esq., appearing), attorneys for the plaintiff John Doe, said name being fictitious, on Order to Show Cause seeking a temporary restraining order and preliminary injunction pursuant to *Federal Rule of Civil Procedure* 65 and *L. Cv. R.* 65. 1, and the Court having entered the Order to Show Cause granting a temporary restraining order on _____, and having reviewed the opposition filed by Fogarty & Hara Esqs. (Stacey T. Cherry, Esq., appearing), attorneys for defendants Delaware Valley Regional High School Board of Education ("Board"), Scott McKinney and Ashley Miranda, and the Attorney General of New Jersey (                        , appearing), attorneys for defendants Mathew J. Platkin, Attorney General, and Angelica Allen-McMillan, Acting Commissioner of Education,  and the plaintiffs' reply thereto, and having heard oral argument, and the plaintiffs having satisfied each and every criteria for entry of a Preliminary Injunction, and for good cause otherwise being shown including, without limitation, that Mr. Doe

is likely to succeed on the merits of his claim that his fundamental parental rights under the Fourteenth Amendment to the Constitution's Due Process clause has been violated by the Board and by the Attorney General and Acting Commissioner of Education;

**IT IS** on this _____ day of January, 2024,

**ORDERED AS FOLLOWS:**

A.     The Attorney General and all those acting under his authority be, and hereby are, preliminarily restrained and enjoined from enforcing the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-2 *et seq.*, the extent that it deprives parents of fully informed knowledge and consent with respect to any aspect of their children's education including, without limitation, issues related to his child's mental health, welfare, physical health, and social transitioning in particular;

B.     The Acting Commissioner of Education of the NJBOE and all those acting under her authority, are preliminarily enjoined and restrained from providing guidance to school districts which deprives parents of fully informed knowledge and consent with respect to any aspect of their children's education including, without limitation, issues related to his child's mental health, welfare, physical health, and social transitioning in particular;

C.     The Board and all those acting under its authority, are preliminarily restrained and enjoined from enforcing Board Policy 5756 and otherwise acting to socially transition the plaintiff's daughter without his fully informed knowledge and consent;

D.     The Board shall immediately re-integrate Jane Doe, said name being fictitious, into classroom instruction and shall treat her in all respects in accordance with her biological female sex;

E.     _____ hereby is appointed as an independent monitor (the "Independent Monitor")  to protect Mr. Doe's parental rights, at the Board's sole expense,

upon Jane's return to school, and shall have all powers necessary to ensure that the Board fully complies with its obligation to treat Jane Doe as a biological female so as to protect Mr. Doe's parental rights to direct the upbringing of his child including, without limitation, issues related to his child's mental health, welfare, and physical health, without interference

      F.     The Independent Monitor shall periodically made reports to the Court, but no less frequently than once per month, advising of any infractions by the Board or those acting pursuant to its authority in protecting Mr. Doe's parental rights, and shall periodically apply for reimbursement of legal fees and costs incurred, to which the Board may respond within ____ days of filing.

Dated:

                                  _____

                                  UNITED STATES DISTRICT COURT JUDGE