**EXHIBIT C**

# MURRAY-NOLAN BERUTTI LLC
## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
gwyneth@murray-nolanberutti.com

Ronald A. Berutti (NJ, NY, KY)
ron@murray-nolanberutti.com

**Associate**
Rebecca Petersen (NJ)
rebecca@murray-nolanberutti.com

**Of Counsel**
Stephanie Jablonsky (NJ)
stephanie@murray-nolanberutti.com

**HIGHLY CONFIDENTIAL**

January 18, 2024

**Via Email**
Stacey Cherry, Esq.
Fogerty & Hara, Esqs.
21-00 Route 208 South
Fair Lawn, New Jersey 07410

        **Doe v. Delaware Valley High School Board of Ed. et als.**
        **Docket No. 3:24-cv-00107**
        **Our File No. 01195**

Dear Ms. Cherry,

    We are in receipt of your letter bearing today's date. Your client propose that the student attend 1:1 teaching sessions at the school building at 2:45 p.m. starting today. Please accept this in response.

    First, your client's proposal ignores the issues involved. The child's medical provider and therapist have opined that it is not in her best interests to be in school at this time. Being remote from school is critical to her mental health. Your clients have not contradicted such determination in any way, nor should they attempt to do so. The child has been under the care of such practitioners since 2022, and they are very familiar with her circumstances.

    Second, Mr. Doe has filed a lawsuit seeking to enforce his parental rights. Your client has advised that it will not honor his parental rights in the absence of a court order and has asserted that it will continue with the child's social transition if she attends 'at home school' in a public library, which originally was suggested. The attempt to compel Mr. Doe's daughter to do her 'at home schooling' at the school is a transparent effort to force the issue of her social transition contrary to Mr. Doe's rights, and the child's medical and mental health professionals' orders. In short, your client wishes to engage in medical care of the child without a license so that the child can be used for social experimentation purposes in violation of her medical practitioners' orders and her father's fundamental constitutional rights. Such arrangement is, thus, unacceptable.

**136 Central Avenue, 2nd Floor, Clark, New Jersey 07066 (908) 588-2111**

30 Wall Street, 8th Floor, New York, New York 10005 (Please reply to NJ office)

Stacey Cherry, Esq. January 18, 2024
Fogerty & Hara, Esqs. Page 2

  Finally, your client dismisses the fundamental reality as to why the minor child is home. She does not at home schooling because of issues she has with other students, which may merit 1:1 in school learning. The minor child needs at-home schooling because of the dangers presented to her by administration and staff, who have had this minor child who has significant emotional deficits, for which she has been receiving proper healthcare assistance, leading a double life in secret from her father. Your client recklessly interfered with the work of the child's health care professionals and began socially transitioning her without knowing anything at all about her mental health, disability, and family history. It is unfathomable that your client still insists on doing the same.

  Your client conducted at-home schooling via Zoom all throughout the pandemic. Certainly, the same type of learning can be created for the child, which also would allow for the lessons to be supervised so that our client's rights may be protected. Please advise as to whether your client can arrange the schooling via Zoom and, if not, why it cannot do so. Please note that our client reserves all of his rights. Any effort to punish either his child or him due to alleged truancy will be considered to be a further and intentional act to harm Mr. Doe and to deprive him of his fundamental constitutional rights. As you are in receipt of our brief setting forth the legal arguments made, and the same has been served on your clients, your client is on notice of the bases for our conclusion that your clients are violating Mr. Doe's constitutional and statutory rights, such that they cannot claim protection of ignorance of the law.

  Thank you.

Very truly yours,<br>
**MURRAY-NOLAN BERUTTI LLC**<br>
<br>
*Ronald A. Berutti*<br>
By:_____<br>
Ronald A. Berutti

RAB