

**ROSHAN D. SHAH** | Managing Partner
rshah@andersonshahlaw.com
P: 732-398-6544 | F: 732-576-0027

May 2, 2024

**VIA CM/ECF ONLY**
Hon. Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building
      & U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, NJ 08608

      Re:    <u>Doe v. Delaware Valley Reg'l High School Bd. of Ed., et al.</u>
              **Civil Action No. 24-107 (GC-JBD)**

Dear Judge Castner:

      This Firm represents Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda (collectively, the "Board Defendants") in the above-referenced matter. We are in receipt of plaintiff's reply papers in support of his motion for a preliminary injunction. We write to request a case management conference to discuss the need for discovery and, potentially, a limited hearing. The basis for our request is below.[1]

      Aside from (improperly) raising new arguments, *see pl.'s reply br.*, *6 (arguing the Transgender Statute, N.J.S.A. § 18A:36-41, requires parental consent), plaintiff's papers attach declarations from two purported medical experts. These documents are inconsistent with the plaintiff's prior position concerning discovery. As this Court instructed in its Order of February 21, 2024, the parties conferred to discuss whether limited discovery was necessary. Those discussions, though amicable, did not result in an agreement—defense counsel wanted some discovery, while plaintiff resisted any discovery. Plaintiff's counsel then provided a status update to the Court, which included the following statements:

> guidance as to discovery and timing issues. More specifically, defense counsel wish to engage in some limited discovery. From the plaintiff's perspective, the Amended Complaint's allegations are verified and it either provides the basis for a preliminary injunction or it does not. However,

*Letter from Ronald A. Berutti, Esq., dated March 28, 2024*, ECF No. 41.

---

[1] Minutes before filing this letter, we received a notification from Judge Day scheduling a case management conference to discuss discovery. Hence, that portion of the request is moot. Nonetheless, the remainder of this letter, including the specific basis for the request, remains.

May 2, 2024
Page 2

    It's evident from plaintiff's reply papers that he is no longer content with relying on his verified pleading and, instead, seeks to use extraneous materials. In light of that change in position, the Board Defendants reiterate the need for discovery and potentially a hearing. We respectfully submit that the purported "expert" evidence offered is wholly insufficient and will be deemed unreliable and excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). As we pointed out in Point II of our opposition papers, *see Board Defs.' Opp. Br.*, **31-32, a fuller record will assist not only this Court in its decision, but also any reviewing court.

    For these reasons, the Board Defendants respectfully request a case management conference. If Your Honor has any questions or concerns, please contact me. Thank you.

Respectfully submitted,

*/s/Roshan D. Shah*

ROSHAN D. SHAH, ESQ.
For the Firm


c:  All Counsel of Record