# MURRAY-NOLAN BERUTTI LLC
*Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Reply to:** Ron@MNBlawfirm.com

**Associates**
Rebecca R. Petersen (NJ)
Nicholas P. Nachtergaele (NJ)
**Of Counsel**
Stephanie L. Jablonsky (NJ)

May 7, 2024

**Via eCourts**
Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

**Doe v. Delaware Valley High School Board of Ed. et als.**
**Civ. No. 3:24-cv-107 (GC)(JBD)**
**Our File No. 01195**

Dear Judge Castner,

As Your Honor is aware, this firm represents the plaintiff, Mr. Doe, herein. Kindly accept this letter in response to that of Roshan D. Shah, Esq., counsel for Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda (together "Board Defendants") in advance of tomorrow afternoon's phone conference.

First, the Board Defendants assert that Mr. Doe raised a new argument concerning the Transgender Statute, *N.J.S.A.* 18A:36-41. However, in the opposition brief of Matthew Platkin, A.G., and the Commissioner of Education (together, "State Defendants"), they extensively referred to such statute and claimed it to be supportive of their position. Thus, it was properly raised in reply and is not a new argument being raised by Mr. Doe.

Second, the Board Defendants complain that Mr. Doe attached declarations of two "purported experts." Such is not the case. The declarations at issue are those of Jane Doe's treating medical and therapeutic advisors who describe their care, the bases of their care, and recommendations for ongoing care of Jane. That they may have opinions that form the basis for such recommendations does not make them experts, in the sense used by the Board Defendants. Rather, their opinions reflect the foundational basis for their treatment of Jane and their ongoing treatment plan, as opposed to the social transition that took place which they describe as undermining their work and harmful to Jane, in their opinions as long-standing care providers. Moreover, in opposition, the State Defendants rely on multiple citations to hearsay publications in support of their position that social transition at school is a necessity. The declarants, who have

**136 Central Avenue, 2nd Floor, Clark, New Jersey 07066 Tel (908) 588-2111 Fax (908) 679-5111**
**30 Wall Street, 8th Floor, New York, New York 10005 Tel (212) 575-8000**
**Reply to New Jersey Office**

treated Jane since long before she began her social transition, explain that their professional judgment causes them to reach a different conclusion that that found in the State Defendants' brief which is based on snippets of publications and not on treating Jane as a whole person.

There is no hint as to what exactly the Board Defendants have in mind regarding "limited discovery," or why it actually is necessary.The desire to engage in "limited discovery" appears to be nothing other than a desire to delay this matter until the school year ends, thus making it impossible for Jane to be educated at school for the remainder of the school year as matters currently stand, thus causing further irreparable injury. In other words, it is an effort to attempt to moot out the necessity for emergent relief. This Court is capable of reviewing the submissions and hearing oral argument, after which it can render a decision. If the Court wishes to hear testimony, then cross-examination can be conducted by the Board Defendants at such time. However, this matter should proceed so that the important matters addressed in Mr. Doe's application may be concluded forthwith.

We thank Your Honor for Consideration of the above.

Respectfully,

**MURRAY-NOLAN BERUTTI LLC**

*Ronald A. Berutti*

By:______________________________
Ronald A. Berutti

RAB/hlf
cc: All Counsel of Record – Via eCourts