ROSHAN D. SHAH, ESQ.
**ANDERSON & SHAH, LLC**
ATTORNEYS AT LAW
1040 Broad Street, Suite 304
Shrewsbury, New Jersey 07702
Telephone:   (732) 398-6545
Facsimile:   (732) 576-0027
*Attorneys for Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| JANE DOE (said name being fictitious), <br><br> Plaintiff(s), <br><br> v. <br><br> DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, et al., <br><br> Defendant(s). | Hon. Georgette Castner, U.S.D.J. <br><br> Civil Action No. 24-107 (GC-JBD) <br><br> <u>CIVIL ACTION</u> <br><br> **FERPA ORDER** |

**WHEREAS**, personally identifiable information related to a current Delaware Valley Regional High School (DVHS) student, A.H., who is a non-party to this case, is relevant and discoverable;

**WHEREAS**, the Delaware Valley Regional High School Board of Education, Ashley Miranda and Scott McKinney (collectively, the "Board Defendants") wish to disclose a certain e-mail, dated September 27, 2023, between Ms. Miranda and certain DVHS staff (the "September 27th E-mail");

**WHEREAS**, the September 27th E-mail is presumptively protected by the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g, a federal statute

1

that protects the privacy of student "education records," which are broadly defined. *See* 20 U.S.C. § 1232g(a)(4)(A);

**WHEREAS,** regulations promulgated under FERPA prohibit the disclosure of "'personally identifiable information" contained in "education records" except when such disclosure complies with FERPA regulations. *See* 34 C.F.R. §§ 99.3, 99.30, and 99.31. A student's name constitutes "personally identifiable information" under FERPA regulations. *See* 34 C.F.R. § 99.3;

**WHEREAS,** regulations promulgated under FERPA set forth conditions under which prior consent of a student is needed before "personally identifiable information" in an "education record" can be disclosed by an education institution to a third-party and when prior consent of the student is not needed. *See* 34 C.F.R. §§ 99.30 and 99.31;

**WHEREAS,** prior consent of a student is not required when disclosure of "personally identifiable information" in an "education record" to a third party is required "to comply with a judicial order or a lawfully issued subpoena." *See* 34 C.F.R. § 99.31(a)(9)(i);

**WHEREAS,** the educational institution maintaining the "education record" at issue must make "a reasonable effort to notify the . . . eligible student of the order or subpoena in advance of compliance, so that the . . . eligible student may seek protective action" before complying with such an order or subpoena. *See* 34 C.F.R. § 99.31(a)(9)(ii);

**WHEREAS**, the student, A.H., has been notified of the September 27th E-mail potentially being disclosed by the putative plaintiff, John Doe, who is her parent;

**WHERAS**, the student, A.H., has not objected to disclosure of the September 27th E-mail;

**WHEREAS,** the parties have conferred and agreed to permit the disclosure of the September 27th E-mail to each other and the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The terms of this Order shall apply only to the September 27th E-mail, which was discussed during the conference with the Court on May 8, 2024, and referenced in the Board Defendants' submission to the Court, including the Letter from Roshan D. Shah, Esq., dated February 9, 2024, *see* ECF No. 33.

2. This Order does not preclude any objections unrelated to FERPA, such as those premised on relevance or undue prejudice, that any party may have to the September 27th E-mail being considered by the Court.

3. Nothing in this Order shall be construed as prohibiting the disclosure of additional records protected under FERPA at a later date under a broader FERPA order or discovery confidentiality order.

4. The Board Defendants shall be permitted to file the September 27th E-mail under seal.

5. The September 27th E-mail shall be treated as confidential by all parties and not publicly disseminated to third parties to this litigation. Nothing in this paragraph shall be construed to apply to A.H., the student.

IT IS SO ORDERED.

_____
J. Brendan Day, U.S.M.J.
United States Magistrate Judge