ROSHAN D. SHAH, ESQ.
**ANDERSON & SHAH, LLC**
ATTORNEYS AT LAW
1040 Broad Street, Suite 304
Shrewsbury, New Jersey 07702
Telephone:  (732) 398-6545
Facsimile:   (732) 576-0027
*Attorneys for Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| JANE DOE (said name being fictitious),<br><br>Plaintiff(s),<br><br>v.<br><br>DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, et al.,<br><br>Defendant(s). | Hon. Georgette Castner, U.S.D.J.<br><br>Civil Action No. 24-107 (GC-JBD)<br><br>**DECLARATION OF ASHLEY MIRANDA** |

I, Ashley Miranda, of full age, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and capable of making this declaration.

2. The facts stated in this declaration are within my personal knowledge and are true and correct.

3. I am a school counselor at Delaware Valley Regional High School ("DVRHS"), staff advisor of Students Advocating for Equality ("SAFE"), and one of the defendants in the above-captioned matter.

4. I make this declaration in support of the Board Defendants'[1] response to plaintiff Jane Doe's application for a temporary restraining order and preliminary injunction concerning Board Policy 5756.

A. <u>Jane Doe's Gender Identity.</u>

5. Doe is the father of Jane Doe[2], a minor child and student who currently is enrolled at DVRHS.

6. Jane is a biological female.

7. In September 2023, Jane attended a SAFE meeting.

8. SAFE is student-run organization that promotes discussion and awareness about modern cultures and topics surrounding intersectionality, while aiming to make positive contributions to our community and school.

9. During the September 2023 meeting, the students discussed gender identity.

10. Jane became emotional during the discussion.

11. As SAFE's faculty advisor, I was present and quietly inquired of Jane why she was upset.

12. Jane expressed that she identified as a transgender male.

13. I then scheduled a time to speak privately to Jane.

14. The meeting took place shortly after the SAFE meeting.

15. During that meeting, Jane expressed a desire to be referred to using a masculine name and pronouns.

---

[1] "Board Defendants" collectively refers to the Delaware Valley Regional High School Board of Education, Scott McKinney and me.
[2] On the advice of counsel, I refer to the student as "Jane Doe" or "Jane" for the sake of clarity and consistency. I mean no disrespect to either Jane or anyone else.

16. When a transgender student expresses a desire to be referred to using names and pronouns consistent with their gender identity, it is part of the process known as social transitioning.

17. I did not initiate Jane's request to social transition.

18. Nor did I ever coerce her or otherwise suggest it was in her best interest.

19. In fact, if Jane requested that I begin referring to her using her birth name and female pronouns, I would do so immediately.

20. Pursuant to Board Policy 5756, however, once a student expresses a gender identity, the school staff is required to accept it.

21. While parental consent is not required, I have always been in favor of working with parents who have transgender children to ensure the school is providing an inclusive and safe environment so that those students can thrive.

22. In this particular instance, however, Jane expressed that she did not want school staff to report her social transition to her father.

23. According to Jane, her father, the plaintiff in this case, was not supportive of her gender identity and expression and she did not want to cause issues in the home.

24. Consistent with Board Policy 5756, and Jane's explicit instructions, I did not affirmatively disclose Jane's gender identity or desire to social transition to Doe.

25. However, if Doe had asked me or otherwise approached me to discuss Jane's gender identity, I would have advised him of the situation concerning her social transition. In fact, when Doe approached me and other school staff in December, that's exactly what I did.

26. As I instructed Jane, there are limits to what I can do to maintain her privacy, and I encouraged her to discuss the issue with Doe.

27. I never lied to Doe.

28. Following my discussion with Jane, I e-mailed Jane's teachers about Jane's desire to socially transition.

29. While Doe contends I omitted certain recipients from the e-mail—specifically, Ms. Sarah Hall and Ms. Kari Gursky—this isn't the case.

30. Both of those staff members were included on the e-mail.

31. The e-mail advised the recipients of Jane's expressed desire to socially transition and her preferred name and pronouns.

32. It also indicated that Jane's parent, Doe, was not aware of the social transition and not necessarily supportive of it.

33. It reiterated Jane's request for privacy, including by not changing her name in the school's system and not announcing it over the school's PA system when summoning Jane to the office.

34. The latter guidance was issued due to Jane's concern that her sibling, who also attended DVRHS, would learn of her social transition and may cause issues for her at home.

35. The e-mail advised staff to use Jane's preferred name and pronouns while in class.

36. I am happy to share this e-mail with the Court. However, upon advice of counsel, I am concerned that doing so may violate Jane's privacy interest under federal and state law, as there is no discovery confidentiality or FERPA order in place.

37. I have no interest in promoting a student's expressed gender identity over their birth gender, or vice-versa; I only have an interest in respecting the student's personal decisions and complying with Board policy.

38. There is nothing about Jane that would make me believe she is mentally incapacitated or otherwise legally incapable of expressing her gender identity.

39. I am not aware of any medical diagnosis that would suggest such incapacitation.

I hereby declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   02/07/2024

*Ashley Miranda*
Ashley Miranda