ROSHAN D. SHAH, ESQ. (042302009)
**ANDERSON & SHAH, LLC**
ATTORNEYS AT LAW
1040 Broad Street, Suite 304
Shrewsbury, New Jersey 07702
Telephone:   (732) 398-6545
Facsimile:    (732) 576-0027
*Attorneys for Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| A.H. DOE (said name being fictitious),<br><br>Plaintiff(s),<br><br>v.<br><br>DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, et al.,<br><br>Defendant(s). | Hon. Georgette Castner, U.S.M.J.<br><br>Civil Action No. 3:24-CV-107-GC-JBD<br><br>**SECOND DECLARATION OF SCOTT MCKINNEY** |

I, Scott McKinney, of full age, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and capable of making this declaration.

2. The facts stated in this declaration are within my personal knowledge and are true and correct.

3. I am the Superintendent of the Delaware Valley Regional High School District and one of the defendants in the above-captioned matter.

1

4. I make this declaration in support of the Board Defendants'[1] response to plaintiff Jane Doe's second application for a temporary restraining order.

5. Like every other district, and consistent with state law, the Board requires students enrolled in its schools to meet certain attendance requirements.

6. Attendance is governed by Board Policy 5200, a copy of which is attached as Exhibit A.

7. Jane has not attended school since approximately November 2023.

8. In an effort to prevent Jane from being considered truant, the Board offered multiple paths by which Jane can meet her attendance requirements.

9. On December 22, 2023, the Board approved home instruction for Jane pending approval by the school physician.

10. Home instruction consists of guided coursework alongside a certified teacher who follows the school curriculum.

11. During home instruction, certified teachers provide the support the student needs so that they can keep up with their studies.

12. For a standard, non-special education program, home instruction provides the student with one hour of instruction time per class per week.

13. Even where a student is excused from school due to medical reasons, they are not permitted to simply eschew all instruction.

14. Rather, home instruction is provided to ensure the student is meeting attendance and curriculum requirements under state law.

---

[1] "Board Defendants" collectively refers to the Delaware Valley Regional High School Board of Education, Ashley Miranda and me.

15. The Board endeavored to secure teachers who would provide home instruction to Jane at the local public library.

16. On January 4, 2024, Doe advised the Board that Jane would not receive home instruction after being informed the teachers would honor whatever name and pronoun Jane asked them to use.

17. On January 18, 2024, the Board offered the school library during after-school hours as a potential location for "home instruction."

18. But, once again, Doe refused, demanding that the teachers providing Jane with this instruction refer to Jane by her assigned gender at birth.

19. As we explained to Doe, and consistent with Board Policy 5756, the staff will follow a student's direction as to their gender identity.

20. The Board has no desire to impose its own views of gender identity on a student, it merely follows the direction from the student.

21. On February 9, 2024, the Board also offered an online platform, Educere, by which Jane could meet her educational requirements.

22. Educere provides online learning for students in grades K-12.

23. This option was also refused by Doe, despite Educere providing a path for Jane to complete her educational requirements without stepping foot into a classroom or meeting with a district teacher.

24. As the school year came to a close, it became apparent to the Board that Jane would not attend school to take final exams.

25. Notably, the Board did not preclude Jane from coming to school to take her final exams.

26. In fact, Jane is welcome to attend school at any time.

27. But final exams are administered by a teacher or proctor.

28. Final exams cannot be taken in the comfort of one's own home without supervision.

29. The offer for Jane to receive home instruction at the public library remains an option as it pertains to final exams.

30. On May 30, 2024, I sent a letter to Jane's guardian making clear that Jane's non-attendance had jeopardized her course credits and ability to be promoted to the next grade level.

31. That letter set forth options by which Jane could remediate her non-attendance, including using Educere.

I hereby declare, under penalty of perjury, that the foregoing statements made by me are true and correct.

Dated: June 13, 2024

*Scott McKinney*
Superintendent Scott McKinney

# EXHIBIT A



# Delaware Valley Regional Board of Education

[< Prev] [Next >]

To Regulation

   Search District Policies

District Policies TOC

## District Policy

**5200 - ATTENDANCE (M)**

Section: Students
Date Created: August 2009
Date Edited: March 2023

5200 <u>ATTENDANCE (M)</u>

In accordance with the provisions of N.J.S.A. 18A:38-25, every parent, guardian, or other person having control and custody of a child between the ages of six and sixteen shall cause the child to regularly attend school.  The Board of Education requires students enrolled in the school district attend school regularly in accordance with the laws of the State.

For the purpose of this Policy and Regulation **5200**, "parent" means the natural parent(s), adoptive parent(s), legal guardian(s), resource family parent(s), or surrogate parent(s) of a student.  When parents are separated or divorced, "parent" means the person or agency who has legal custody of the student, as well as the natural or adoptive parent(s) of the student, provided parental rights have not been terminated by a court of appropriate jurisdiction.

Notwithstanding the requirement of reporting student absences in the school register for State and Federal reporting purposes, "excused" and "unexcused" student absences, for the purpose of expectations and consequences regarding truancy, student conduct, promotion, and the award of course credit is a local Board decision outlined in N.J.A.C. 6A:16-7.6 and Policy and Regulation 5200.  In accordance with the provisions of N.J.A.C. 6A:16-7.6 and for the purposes of Policy and Regulation 5200, a student's absence from school will either be excused or unexcused.  Unexcused absences will count toward truancy.

A parent or adult student shall provide advance notice to the school prior to the student being absent from school.  In accordance with N.J.S.A. 18A:36-25.6, if a student is determined to be absent from school without valid excuse, and if the reason for the student's absence is unknown to school personnel, the Principal or designee shall immediately attempt to contact the student's parent to notify the parent of the absence and determine the reason for the absence.

Students that are absent from school for any reason are responsible for the completion of assignments missed because of their absence.  In accordance with N.J.S.A. 18A:36-14, a student who is absent from school for observing a religious holiday shall not be deprived of any award, eligibility, or opportunity to compete for any award, or deprived of the right to take an alternate test or examination that was missed because of the absence provided there is a written excuse of such absence signed by the parent.

Prolonged or repeated absences, excused or unexcused, from school or from class, deprive students of the educational and classroom experiences deemed essential to learning and may result in retention at grade level or loss of credit or removal from a course that would count toward the high school diploma in accordance with policies of this Board.

Students shall be subjected to the school district's response for unexcused absences that count toward truancy during the school year as outlined in N.J.A.C. 6A:16-7.6(a)4 and Regulation 5200.

Unexcused absences from school or from classes within the school day may subject a student to consequences that may include the denial of a student's participation in co-curricular activities and/or athletic competition. Repeated absences from school interfere with efforts of the Board and its staff in the maintenance of good order and the continuity of classroom instruction and such absences may result in the removal of the student from a class or course of study.

The Superintendent shall calculate and monitor the average daily attendance rate for the district and for each school in the district.  Whenever the average daily attendance rate does not meet the New Jersey Department of Education requirements the Superintendent or designee shall develop a district improvement plan to improve student attendance pursuant to N.J.A.C. 6A:30-5.2.

N.J.S.A. 18A:36-14; 18A:36-25.6; 18A:38-25.1;
          18A:38-25.2; 18A:38-26

N.J.S.A. 34:2-21.1 et seq.
N.J.A.C. 6A:16-7.6; 6A:30-5.2; 6A:32-8; 6A:32-13

Adopted: 24 August 2009
Revised: 27 October 2014
Revised: 28 September 2015
Revised: 28 September 2020
Revised: 20 March 2023

