NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOE, said name being fictitious,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 24-00107 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court by way of Plaintiff's second motion for a temporary restraining order. (ECF No. 59.) Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda (the Board Defendants) opposed, and Plaintiff replied. (ECF Nos. 62 & 63.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's second motion for a TRO is **DENIED**.

**I.     BACKGROUND**

The Court incorporates and presumes the reader's familiarity with its earlier decision denying Plaintiff's first motion for a TRO, which provides a full recitation of the case's factual background. (*See* ECF No. 37.) On June 11, 2024, Plaintiff filed a second motion for a TRO alleging that on May 30, 2024, the superintendent of Delaware Valley Regional High School advised Plaintiff that his daughter, Jane, "will likely be retained as a freshman for the 2024-2025

school year" because Plaintiff has withheld Jane from school during the pendency of this litigation. (ECF No. 59-4 at 2.)  Plaintiff alleges that "Jane has been attending school online on the recommendation of her healthcare providers pending the outcome of this action." (ECF No. 59-1 at 5.)  She spends full days completing schoolwork online, logging into her school's online platform, checking what work needs to be done, and completing it to the best of her ability. (*Id.*; ECF No. 63-1 ¶¶ 11-12.)  Jane regularly emails her teachers with questions and updates about her assignments and has achieved good grades. (ECF No. 63-1 ¶¶ 12-15.)  On May 30, the Board Defendants alerted Plaintiff for the first time that because Jane has not attended school or participated in the home instruction options provided by the Board Defendants, she would "likely be retained as a freshman" for the following year. (ECF No. 59-4 at 2.)

The Board Defendants assert that under their attendance policy, home instruction requires one hour of instruction time per class per week with a certified teacher who follows the school curriculum. (ECF No. 62-3 ¶¶ 9-14.)  According to the Board Defendants, even after Jane was approved for home instruction in December 2023, Plaintiff refused the school's home instruction options "after being informed the teachers would honor whatever name and pronoun Jane asked them to use." (*Id.* ¶¶ 9-20.)  The Board Defendants "offered an online platform, Educere, by which Jane could meet her education requirements . . . without stepping foot into a classroom or meeting with a district teacher." (*Id.* ¶¶ 21-23.)  In addition, the Board Defendants assert that "final exams are administered by a teacher or proctor" and cannot be taken at home "without supervision." (*Id.* ¶¶ 27-28.)  Thus, the Board Defendants argue that they have not "preclude[d] Jane from coming to school to take her final exams," but they will not allow Jane to take her final exams for the 2023-2024 school year at home without supervision. (*Id.* ¶¶ 25-29.)

Plaintiff brings the present motion pursuant to Count Three of his Amended Complaint.

(ECF No. 59-1 at 7.)  Count Three asserts a claim under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2, *et seq.*, for a violation of Article VIII, § 4, para. 1 of the New Jersey State Constitution, which provides that the "Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years."  (ECF No. 40 ¶¶ 7, 84-85.)  Plaintiff also cites Article I, § 9, which generally provides the right of a trial by jury in civil actions.  (ECF No. 59-1 at 8.)  Plaintiff asks the Court to enjoin the Board Defendants from preventing Jane from taking her final exams, completing her school year remotely, or "advancing to her sophomore year."  (ECF No. 59 at 2.)

## II.     DISCUSSION

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances."  *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted).  The elements for a preliminary injunction and a temporary restraining order are the same.  *See Koons v. Reynolds*, 649 F. Supp. 3d 14, 22 (D.N.J. 2023).  A plaintiff seeking a TRO must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017); *see also HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, *7 (D.N.J. June 2, 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  If a plaintiff meets the first two factors, the court "then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  *Reilly*, 858 F.3d at 179.

### A.     Likelihood of Success

To establish a violation of the New Jersey Civil Rights Act, a plaintiff must prove that (1) "the Constitution or laws of this State" conferred on them a substantive right, (2) the defendant deprived the plaintiff of that right, and (3) the defendant was "acting under color of law." *See Tumpson v. Farina*, 95 A.3d 210, 223 (N.J. 2014). Plaintiff argues that the Board Defendants are (1) "depriving him of his right, as a parent, to have Jane receive a thorough and efficient free public education" (ECF No. 59-1 at 7), and (2) violating Plaintiff's right to pursue this litigation by making him choose between litigating this case, or "dropping his litigated objections" so that Jane can take her exams and progress to her sophomore year (ECF No. 63 at 1). The Court considers Plaintiff's arguments in turn.

"The New Jersey Constitution mandates the children of [New Jersey] are entitled to a 'thorough and efficient education.'" *Abbott ex rel. Abbott v. Burke (Abbott XX)*, 971 A.2d 989, 1011 (N.J. 2009). The "thorough and efficient" clause generally obligates the State Legislature to provide "equal educational opportunity" for all children. *Id.* (citing *Robinson v. Cahill*, 303 A.2d 273, 294 (N.J. 1973) ("Its purpose was to impose on the legislature a duty of providing for a thorough and efficient system of free schools.")). For example, the New Jersey Supreme Court has held that the clause obligates the state to "develop a funding formula that would provide all children, including disadvantaged children in poorer urban districts, with an equal educational opportunity as measured by the Constitution's thorough and efficient clause." *Id.* at 991 (citing *Abbot ex rel. Abbott v. Burke (Abbott II)*, 575 A.2d 359, 369 (N.J. 1990) (holding that the clause requires the state to provide "a certain level of educational opportunity, a minimum level, that will equip the student to become 'a citizen and . . . a competitor in the labor market'" (quoting *Robinson*, 303 A.2d at 294.))). "To achieve this mandate, the Legislature has passed various funding statutes

4

and delegated certain powers to the DOE and local school boards." *Alcantra v. Allen-McMillan*, 291 A.3d 288, 291-92 (N.J. Super. Ct. App. Div. 2023) (citation omitted).  Accordingly, actions brought under the "thorough and efficient" clause are typically brought by parents on behalf of their children challenging the legislature's funding statutes. *See, e.g.*, *id.* at 290; *Crawford v. Davy*, 2010 WL 162061, at *1 (N.J. Super. Ct. App. Div. Nov. 23, 2009) (noting that plaintiffs suing under the "thorough and efficient" clause were students "suing through their respective parents or legal guardians"); *Abbott II*, 575 A.2d at 363 ("Plaintiffs are school children from Camden, East Orange, Jersey City, and Irvington."); *Abbott XX*, 971 A.2d at 1012-13 (same).  "While a thorough and efficient education is a 'continually changing concept,' it is student-focused, and establishing a constitutional deprivation requires a demonstration that a district's students' educational opportunities are so deficient as to jeopardize their futures." *Board of Educ. of Twp. of Brick (Ocean Cnty.) v. Repollet*, 2021 WL 3889522, at *7 (N.J. Super. Ct. App. Div. Sept. 1, 2021) (quoting *Abbott II*, 575 A.2d at 363)).

Based on the record before the Court, Plaintiff has not demonstrated that the alternative "educational opportunities" that the Board Defendants have offered to Jane — such as Educere — are "deficient."  Plaintiff does not meaningfully dispute the Board Defendants' assertion that Educere would allow Jane to complete her educational requirements without attending school or meeting with a district teacher.  (*See* ECF No. 62-3 ¶ 23.)  Instead, Plaintiff alleges that the Board Defendants have infringed his right as a parent under the "thorough and efficient" clause by requiring Jane to take her final exams under the supervision of proctors who "would honor whatever name and pronoun Jane asked them to use."  (ECF No 62-3 ¶¶ 16, 21-29; ECF No. 59-1 at 7; ECF No. 63-1 ¶ 9 ("The only way the [Board Defendants] were willing to yield was that if Jane, on her own, declared that she no longer wished to be transitioning.").)  Plaintiff cites no

authority demonstrating that such a requirement violates the "thorough and efficient" clause, particularly where the Board Defendants provided the option of allowing Jane to complete online courses that would not require her to attend school in-person or meet with district teachers who would address her by her preferred gender identity.  And it is well-established that although "parents may have a fundamental right to decide *whether* to send their child to a public school, they do not have a fundamental right generally to direct *how* a public school teaches their child," which includes "the timing and content of examinations."  *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 395-96 (6th Cir. 2005) (citing *Goss v. Lopez*, 419 U.S. 565, 578 (1975)).  Plaintiff has not shown, by reference to any caselaw or other legal authority, that he is likely to demonstrate that the "thorough and efficient" clause gives Plaintiff the right to the injunctive relief he seeks — specifically, an order requiring the Board Defendants to administer Jane's final exams at home without supervision.  *See Combs v. Homer-Center Sch. Dist.*, 540 F.3d 231, 249 (3d Cir. 2008) (finding that the reporting and review requirements imposed by Pennsylvania's compulsory education law did not infringe the rights of parents who home-school their children because parents "do not have a constitutional right to avoid reasonable state regulation of their children's education").  By asking this Court to order the Board Defendants to allow Jane to complete her final exams without a proctor, Plaintiff is seeking to "direct *how* a public school teaches their child," which courts routinely reject.  *See Blau*, 401 F.3d at 395-96 (collecting cases).

Nor has Plaintiff demonstrated a reasonable likelihood of successfully establishing a violation of his right to a civil trial by jury under Article 11, § 9 of the New Jersey State Constitution, which generally provides that the "right of trial by jury shall remain inviolate." Plaintiff bears the burden of showing that he is reasonably likely to succeed in proving that the Board Defendants infringed on his right to pursue civil litigation.  *See Peter v. Att'y Gen. of N.J.*,

6

Civ. No. 23-03337, 2023 WL 4627866, at *1 (D.N.J. July 19, 2023) (citing *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). Plaintiff has not cited any authority demonstrating that the Board Defendants' policies pertaining to attendance, class credit, and proctored final examinations must give way pending the outcome of this litigation. Accordingly, Plaintiff has not demonstrated a reasonable likelihood of success on this argument.

### B.   Irreparable Harm

An injury is irreparable if it cannot be redressed by a legal or equitable remedy following a trial. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994). The harm must also be set to occur before the District Court can hold a trial on the merits. *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d. Cir. 2000) (citations omitted).

Here, even if the potential harm to Jane implicates Plaintiff's parental rights, Plaintiff has not met his burden of showing that the claimed harm is irreparable. Plaintiff submits a letter from the school superintendent dated May 30, 2024, showing that Jane may still be able to timely advance to sophomore year by completing enough pre-approved courses through Educere so that any remaining courses can be made up during the summer or subsequent school years. (ECF No. 59-4 at 2.) The record suggests that the online courses would allow Jane to meet educational requirements without being exposed to the Board Defendants' actions that are currently in dispute — that is, the Board Defendants' use of Jane's preferred name and pronouns over Plaintiff's objection. (ECF No. 59-4 at 2; ECF No. 63-3 at 2.) Therefore, Plaintiff has not established an imminent risk of irreparable harm.

### III.   CONCLUSION

For the foregoing reasons, and other good cause shown, it is hereby **ORDERED** as follows:

1. Plaintiff's motion for a temporary restraining order is **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** Plaintiff's motion (ECF No. 59).

3. A telephonic status conference is set for Thursday, June 20, 2024 at 9:00 a.m. The Court will provide dial-in information to the parties prior to the status conference.

Dated: June 17, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE