## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN DOE (said name being fictitious),

                Plaintiff,

v.

DELAWARE VALLEY REGIONAL HIGH
SCHOOL BOARD OF EDUCATION, SCOTT
MCKINNEY, individually and in his official
capacity as Superintendent of Schools,
ASHLEY MIRANDA, individually and in her
official capacity as school counselor,
MATTHEW J. PLATKIN, in his official
capacity as Attorney General of the State of
New Jersey, ANGELICA ALLEN-
McMILLAN, in her official capacity as Acting
Commissioner of the New Jersey Department of
Education, and JOHN ROES 1-10 (said names
being fictitious), individually and in their
official capacities,

                Defendants.

Civil Action No. 3:24-CV-107 (GC)(JBD)

---

## BRIEF IN SUPPORT OF PLAINTIFF
## JOHN DOE'S MOTION FOR EMERGENT RELIEF

---

MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
908-588-2111
ron@murray-nolanberutti.com
Attorneys for Plaintiff John Doe

On the Brief:
Ronald A. Berutti - 023361992

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ................................................................................. 1

LEGAL ARGUMENT ...................................................................................... 3

      A.    Likelihood of Success. ................................................................. 4
      B.    Irreparable Harm. ....................................................................... 5
      C.    Harm to Defendants. .................................................................. 6
      D.    Public Interest. ........................................................................... 7
      E.    Status Quo. ................................................................................. 7

CONCLUSION ................................................................................................. 8

## TABLE OF AUTHORITIES

### *CASES*                                                                                  *PAGE(S)*

*Abbott ex rel. Abbott v. Burke,* 199 N.J. 140, 144 (2009)..............................5

*Bill Blass, Ltd. v. Saz Corp.,* 751 F.2d 152, 154 (3d Cir. 1984).....................2,3

*Chadda v. Bd. of Elections,* 222 F. App'x 147, 149 (3d Cir. 2007)....................3

*Crowe v. De Gioia,* 90 N.J. 126, 132 (1982)..............................................5

*ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987).........................4

*Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers,*
    415 U.S. 423, 439 (1974)...............................................................7

*Hope v. Warden York Cty. Prison,* 956 F.3d 156, 160 (3d Cir. 2020).................7

*Stevens v. County of Hudson,* 2020 N.J. Super. Unpub. LEXIS 96, *18 ...............4

*Tumpson v. Farina,* 218 N.J. 450, 473 (2014).............................................4

### *CONSTITUTIONS, STATUTES & REGULATIONS*

*New Jersey Civil Rights Act ("NJCRA"), N.J.S.A.* 10:6-2 *et seq*......................4

*N.J. Const.* art. I § 9.........................................................................5

*N.J. Const.* art. VIII, § 4....................................................................4

## PRELIMINARY STATEMENT

The plaintiff, John Doe ("Mr. Doe"), father of minor child, "Jane Doe" ("Jane") submits this brief in support of a temporary restraining order and preliminary injunction following his filing of an Amended Complaint. This application seeks to maintain the status quo pending the outcome of this action. Particularly, Mr. Doe seeks to prevent Delaware Valley Regional High School Board of Education, Superintendent Scott McKinney, and Ashley Miranda (together "DVRHS Defendants") from interfering with Jane's ability to take final exams or to be passed on to her sophomore school year. The DVRHS Defendants have asserted that they shall act to preclude Jane from taking her imminently scheduled final exams and that they will hold her back despite Jane's attendance at school on line daily for full days, and her achievement of excellent grades during such time. Absent this Court's immediate intervention, Mr. Doe, and through him Jane, stand to be permanently harmed.

## STATEMENT OF FACTS

The DVRHS Defendants socially transitioned Jane without Mr. Doe's knowledge or permission. Prior thereto, Jane had been undergoing therapeutic and medical care in what Mr. Doe determined to be her best interests. The DVRHS Defendants did not seek to determine whether Jane had any medical or psychological issues prior to beginning the secret social transition of Jane.

Mr. Doe now is seeking a preliminary injunction preventing defendants (including state defendants, Attorney General Matthew Platkin, and the Acting Secretary of Education) from interfering with his parental rights. However, the process has been slowed down as the DVRHS Defendants suddenly seek discovery from Jane's healthcare providers—information they never cared to learn prior to the secret social transitioning.

Jane has been attending school online on the recommendation of her healthcare providers pending the outcome of this action and has been succeeding by achieving grades as high as A+ on numerous occasions, and generally being a top student. Jane spends full days doing online school. The DVRHS Defendants have now advised that despite Jane's success, she will not be advanced to her sophomore year in high school and will not be permitted to take her final exams. Indeed, as set forth in Jane's heartfelt letter (*Doe Dec.* at Ex. E), she feels as if the DVRHS Defendants have no care at all for her well being and that she has been betrayed by the DVRHS Defendants despite her working so hard to achieve under the difficult circumstances presented.

Mr. Doe now seeks entry of an Order to Show Cause with temporary restraints to prevent the DVRHS Defendants from taking such punitive actions as this matter is both delayed by them and remains unresolved.

## LEGAL ARGUMENT

### POINT I

**MR. DOE IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION PENDING THE OUTCOME OF THIS ACTION.**

Mr. Doe seeks a temporary restraining order and preliminary injunction which would preclude the DVRHS Defendants from holding Jane back and preventing her from taking her final examinations. The threats and promises that such will occur are punitive in nature and would alter the status quo pending the outcome of this action. Under the circumstances, a TRO should issue and a preliminary injunction should follow pending the outcome of this matter on the merits, so that Jane may continue her schooling without additional hindrance by the DVRHS Defendants related to her education and related class status.

"[A] TRO or preliminary injunction will issue only when the movant produces evidence sufficient to convince the court that all factors favor preliminary relief. *Chadda v. Bd. of Elections*, 222 F. App'x 147, 149 (3d Cir. 2007).

When ruling on such a motion, the district court must consider four factors: "[A] the likelihood that the applicant will prevail on the merits at final hearing; [B] the extent to which the plaintiffs are being irreparably harmed by the conduct complained of; [C] the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and [D] the public interest." *Bill Blass, Ltd. v.*

3

*Saz Corp.*, 751 F.2d 152, 154 (3d Cir. 1984). Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

The plaintiffs meet all four criteria and, thus, is entitled to a temporary restraining order and preliminary injunction.

A.    **Likelihood of Success.**

Among the claims brought by Mr. Doe is the Third Count alleging that the actions of the DVRHS Defendants is depriving him of his right, as a parent, to have Jane receive a thorough and efficient free public education, in violation of the *New Jersey Civil Rights Act* ("NJCRA"), N.J.S.A. 10:6-2 *et seq.*

"To establish a violation of the Civil Rights Act in this case, plaintiffs must prove that (1) "the Constitution or laws of this State" conferred on them a substantive right; (2) the [defendants] deprived them of that right; and (3) the [defendants were] "acting under color of law" when he did so." *Tumpson v. Farina*, 218 N.J. 450, 473(2014); *Stevens v. County of Hudson*, 2020 N.J. Super. Unpub. LEXIS 96, *18 (App. Div.).

Pursuant to *N.J. Const.* art. VIII, § 4, "[t]he legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and

4

eighteen years." *Abbott ex rel. Abbott v. Burke*, 199 N.J. 140, 144 (2009). Further, *N.J. Const.* art. I § 9, guarantees the right to jury trial for civil causes of action.

In the present case, Jane is being kept home by Mr. Doe, on the advice of treating medical and therapeutic advise, while Mr. Doe litigates this matter. By refusing to permit Jane to complete here final exams and to advance to her sophomore year, as Mr. Doe operates under medical and therapeutic advice of the licensed care professionals who are treating Jane with his approval, defendants are depriving Mr. Doe (and Jane) of their constitutional rights. There is no question that the DVRHS Defendants are acting under color of law in so doing. Thus, Mr. Doe is likely to succeed on the merits of this claim as related to the subjects of this application for an Order to Show Cause.

### B.   Irreparable Harm.

Mr. Doe, and through him, Jane, will suffer irreparable injury should interim relief not be granted.

"New Jersey has long recognized, in a wide variety of contexts, the power of the judiciary to prevent some threatening, irreparable mischief, which should be averted until opportunity is afforded for a full and deliberate investigation of the case." *Crowe v. De Gioia*, 90 N.J. 126, 132 (1982) (quotation omitted).

The irreparable mischief herein is that the DVRHS Defendants would punish Mr. Doe for bringing this case by forcing him to choose between pursuing his civil

rights as a litigant and permitting Jane to receive the thorough and efficient free public education to which she is entitled. The DVRHS Defendants' 'Hobson's Choice' plainly is not accidental as it tries to backfill its errant and harmful decision making regarding the social transitioning of Jane without examining her medical and therapeutic history. In so doing, the DVRHS Defendants have slowed down the review of Mr. Doe's preliminary injunction motion so that the school year is approaching its end, thus forcing Mr. Doe's hand in the absence of intermediate relief. Thus, under the circumstances, absent entry of a temporary restraining order and a preliminary injunction pending the outcome of this matter, irreparable harm will be brought to bear on Mr. Doe and, through him, Jane.

## C.     Harm to Defendants.

Defendants will suffer no harm by virtue of a temporary restraining order and preliminary restraints. They have no legitimate interest whatsoever in violating Mr. Doe's rights to litigate his constitutional and other civil disputes or to violate Jane's rights as a result of Mr. Doe's decision to so litigate. Jane has been attending school and succeeding without being physically present in the school building. The DVRHS Defendants' actions are nothing other than bad faith litigation tactics which deserve no respect from this Court.

## D.     Public Interest.

The public interest overwhelmingly supports the notion that citizens may bring civil actions to protect their parental rights, and their children should not be punished as a result thereof. There is no public interest in punishing a child who otherwise is successful in school for such reason.

### E.    Status Quo.

It is additionally asserted that preservation of the status quo compels a temporary restraining order to remain in effect until the conclusion of this litigation, regardless of the outcome of the other pending motion for a preliminary injunction and appeals that may arise therefrom.

> Importantly, TROs are ordinarily aimed at temporarily preserving the status quo. "[U]nder federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Hope v. Warden York Cty. Prison,* 956 F.3d 156, 160 (3d Cir. 2020) (*quoting Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974)).

Mr. Doe's right to litigate this case shall continue until the final conclusion of this matter. Defendants should not be permitted to take actions to interfere with Jane's education at any time during such process.

### CONCLUSION

7

Based on the foregoing, and on the papers heretofore filed and those filed herewith, Mr. Doe is entitled to a temporary restraining order and a preliminary injunction.

Respectfully submitted,
**MURRAY-NOLAN BERUTTI LLC**
*Attorneys for the plaintiff, John Doe*

*s/Ronald A. Berutti*

By:_____

Ronald A. Berutti

Dated: June 11, 2024

8