

**ROSHAN D. SHAH** | Managing Partner
rshah@andersonshahlaw.com
P: 732-398-6544 | F: 732-576-0027

July 2, 2024

**VIA CM/ECF ONLY**
Hon. Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building
    & U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, NJ 08608

    Re:    **Doe v. Delaware Valley Reg'l High School Bd. of Ed., et al.**
            **Civil Action No. 24-107 (GC-JBD)**

Dear Judge Castner:

This Firm represents Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda in the above-referenced matter. We submit this joint status update to the Court concerning Jane Doe, a non-party, and arrangements for her final exams.

The parties have agreed that Ms. Doe can take her final exams at Kingwood Middle School, which is located in a different school district. Kingwood Middle School will provide a test proctor. That individual will be told Ms. Doe's birth name.

*Board Defendants' Position On Remaining Issues*

We have asked that Mr. Doe instruct Ms. Doe to limit her communications with the proctor and avoid discussing gender. This was part of our original proposal and something plaintiff's counsel agreed to in writing on June 27th. Thus, to the extent there was a "complete agreement," it necessarily includes this term. While we understand Mr. Doe cannot guarantee what Ms. Doe will or won't say, we believe this instruction would help avoid any unnecessary issues and unnecessary motion practice. Despite the June 27th e-mail, Mr. Doe now refuses to provide this instruction, arguing this injects "family dynamics" into the situation. Respectfully, considering the posture of this case and the factual allegations, it's unclear how anyone could argue that the Board Defendants' request here is the cause of any disruption to the family dynamics. A copy of the e-mail thread on the initial agreement is attached as Exhibit A.

We reject plaintiff's counsel's accusations of bad faith and accusations of having "ulterior motives." We relied upon his representation in counseling our client about what Mr. Doe would tell Jane. Why did he make that representation—in writing, no less—if he had no intention of following through? Moreover, it's unclear how a dispute he generated by

July 2, 2024
Page 2

reneging on an agreement he made gives rise to an accusation about our motives. We appreciate that counsel has objections to Jane obtaining separate counsel—an issue we raised before Judge Day last Friday due to a conflict between Jane and Mr. Doe's respective positions—but the present conflict is entirely generated by counsel backtracking on his own words and then making false accusations instead of admitting his own error.

Finally, we reject counsel's accusations about the school district being responsible for Jane's current state of distress. The medical records tell quite a different story about the source of her difficulties. We look forward to presenting them at the appropriate time.

*Plaintiffs' Position*

Our position is that the parties have reached a complete agreement which takes care of the dispute. Regardless, defendant school district, superintendent, and school counsellor ("District Defendants") insist that gender be injected into Jane's studies by trying to force Mr. Doe to have a gender conversation with his daughter. Mr. Doe wants his daughter's exams to be about exams, not about gender, and thus is unwilling to rock the boat by making the exams by raising an issue about gender with her as Jane studies for her finals or before her exams. The entire idea of this compromise is to allow Jane to take her exams without gender being a factor. Further, whether or not Mr. Doe has such a conversation with Jane, (1) does not change the fact of the parties' agreement; and (2) would not be controlling as to Jane. Jane is an outstanding student who has managed to achieve excellent grades while at home and not focused on gender. The continued assault by the District Defendants on Mr. Doe in trying to force him to discuss gender with Jane in the manner desired by the District Defendants will only further harm Mr. Doe's family--which has suffered tremendously--and will only distract Jane from her studies. Jane's studies are supposed to be the focal point of her education, as opposed to the gender issues which have interfered with her education.

We believe that it is entirely inappropriate even to be put in the position of having to explain these things to the Court, by Attorney Shah has insisted on it. We have asked Attorney Shah to remove the above competing sections from this letter since they add nothing to the fact of the compromise. Yet Attorney Shah merely insists on the inclusion of this information because it is designed to attempt to create a negative impression in this Court's mind about Mr. Doe. However, Attorney Shah has revealed his ulterior motive that what he really is hoping to achieve with this tit-for-tat is to have an attorney appointed to represent Jane in what is a dispute regarding constitutional parental rights in which, as Attorney Shah notes, Jane is not a party (see attached email chain, which we wished not to have to attach but which is attached as Exhibit B since Attorney Shah insists on attachments). Consequently, we believe that Attorney Shah's insistence on the inclusion of these sections to this letter is but a wasteful and bad faith effort to promote

July 2, 2024
Page 3

his ulterior motives. Indeed, after writing this section, Attorney Shah felt it to be appropriate to interject more extraneous argument designed to influence the Court by referring to unattached medical records and his fanciful expectations of presenting them to the Court which, again, has nothing to do with (1) the compromise that Your Honor asked for; (2) with the District Defendants' failures to notify Mr. Heaps and their active concealment of the fact that his daughter was going to be socially transitioned; and (3) which is a "Johnny-come-lately" approach to finding out about Jane's medical and therapeutic conditions since they never sought out such information prior to socially transitioning Jane. Everything that needed to be said to this Court was set forth in the very first paragraph of this letter. Unfortunately, Attorney Shah was dissatisfied with sticking to the relevant issue.

We thank the Court for its courtesies. If Your Honor has any questions or concerns, please contact me. Thank you.

Respectfully submitted,

*/s/Roshan D. Shah*

ROSHAN D. SHAH, ESQ.
For the Firm


c:  All Counsel of Record