# MURRAY-NOLAN BERUTTI LLC
## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Reply to:** Ron@MNBlawfirm.com

**Associate**
Rebecca R. Petersen (NJ)

**Of Counsel**
Elise Potenta (NJ)
Beth Chambers (CO)

September 24, 2025

**Via eCourts**
Honorable J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> **Doe v. Delaware Valley High School Board of Ed. et als.**
> **Civ. No. 3:24-cv-107 (GC)(JBD)**
> **Our File No. 01195**

Dear Judge Day,

As Your Honor is aware, this firm represents the plaintiff, Christin Heaps, herein. Please accept this letter in keeping with Your Honor's Order that the parties submit a letter as to their respective positions on the question of subject matter jurisdiction discovery. Such discovery is unnecessary, most particularly since Defendants' factual attacks can be disproved today, and they have no other good faith basis to be challenging subject matter jurisdiction.

A simple online search of public records would have made clear to the Board Defendants' that their letters to the Court rest on an incorrect factual premise. New Jersey property records and U.S. Census data show that Mr. Heaps's current rental house, where his daughter resides, is located within Kingwood Township, although it has a Stockton mailing address. Citing school board policy, the Board Defendants' own letter confirms that Kingwood Township is located within the school district. *See* ECF No. 100 at 4 (asserting that Kingwood Township is within the district's boundaries and is served by Delaware Valley Regional High School). Such unequivocal admission

Honorable J. Brendan Day, U.S.M.J.                                    September 24, 2025
                                                                              Page 2

is binding on the Board Defendants. *See Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) (unequivocal admissions of fact by counsel bind the client, including through appeal); *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) ("Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." (*citing Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)). Thus, it stands to reason that this is why Delaware Valley has already enrolled Mr. Heaps's daughter in the district for the school year.

Mr. Heaps has already filed an affidavit dispelling the Board Defendants' other allegations. *See* ECF Nos. 98, 98-1, 98-2. (For the public docket, a redacted version of that same affidavit accompanies this letter as Attachment 1.) Given that, the burden of the discovery the Board requested—particularly a *second* request to depose Mr. Heaps's minor daughter—outweighs any hypothetical benefit. *See* ECF No. 76 at 1 ("a deposition of Jane Doe would not be proportional to the needs of the case at this time"). The Court should deny the Board's request.

**LEGAL STANDARD**

The Board Defendants repeatedly contend that Mr. Heaps "bears the burden" to disprove mootness. ECF No. 100 at 2; *id.* at 4. But as the "party seeking to establish standing bears the burden of proof," the Board Defendants "bear[] the burdens of production and persuasion" to establish mootness and current discovery request. *Lutter v. JNESO*, 86 F.4th 111, 130 (3d Cir. 2023); *see Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020) (explaining that "[t]he burden *always* lies on the party claiming mootness, whether the case involves voluntary cessation or not" (emphasis added)). The Board Defendants incorrectly contend that "[t]he plaintiff bears this burden 'at all stages of review.'" ECF No. 100 at 2 (*quoting N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985)). The Third Circuit has held that "[t]he doctrine of mootness requires that an actual controversy must be extant at all stages of review."

Honorable J. Brendan Day, U.S.M.J.                                September 24, 2025

Page 3

*N.J. Tpk. Auth.*, 772 F.2d at 31 (citation modified). However, it did not discuss who bears the burden because the Third Circuit raised mootness *sua sponte* in that case. *Id.* at 30 n.10. The Board Defendants have not shown that their requested discovery would give them a chance to meet their mootness burden.

**ARGUMENT**

The Court should not grant the Board Defendants' discovery request. Doing so would waste time and judicial resources because their hastily formed "misunderstanding[s]" can be resolved today. ECF No. 94 at 2. A simple search of online public records confirms that Mr. Heaps lives within Kingwood Township which defense counsel has unequivocally admitted is within the Delaware Valley school district. Moreover, Mr. Heaps has already attested as much in an affidavit to the Court, which disproves the claim that the family now lives in Florida. Consequently, the burdensome discovery that the Board Defendants request is based on unfounded speculation that defendants' own binding judicial admission makes unnecessary.

Mr. Heaps respectfully requests that this Court not enable the Board Defendants' true desired result, which is to delay this case so that Mr. Heaps' cannot obtain timely relief as his daughter's high school career quickly passes by.

**(1)     Public records show the Heaps family rental is located in the school district.**

Following the fire that destroyed their family home in January 2025, Mr. Heaps and his family stayed with others while looking for a property that could accommodate their surviving animals. Attachment 1 at 1–2.[1] By April, they moved into a rental home. *Id.* at 2. Mr. Heaps has already willingly provided his lease agreement to this Court under seal and now provides it with

---

[1] Contemporaneously filed with this brief as Attachment 1 is a redacted affidavit by Mr. Heaps, along with its exhibits. An unredacted version of the affidavit and two of those exhibits were already filed under seal as ECF Nos. 98, 98-1, and 98-2. The third exhibit was inadvertently omitted although its contents were discussed in the sealed version of the affidavit.

Honorable J. Brendan Day, U.S.M.J.                                September 24, 2025
                                                                              Page 4

redactions. Attachment 1 at 6–17. It shows that his family "resid[es] in the Delaware Valley school district." *Id.* at 1.

Regardless, attempting to justify unnecessary discovery, the Board Defendants now allege that the rental home falls outside the school district's boundaries. But New Jersey's own online property-tax database reveals that Mr. Heaps lives within the district. While the home has a Stockton address, plugging that address into the State's database reveals that it is located in Kingwood Township.[2] The U.S. Census Bureau agrees that the rental house is located in Kingwood Township.[3] And the Board Defendants have already conceded to the Court that the school district "serves students in 'Alexandria Township, Frenchtown Borough, Holland Township, *Kingwood Township*, and Milford Borough.'" ECF No. 100 at 4 (*quoting* Del. Valley Policy 0100 – Identification) (emphasis added). That's likely why the National Center for Education Statistics at the U.S. Department of Education explicitly lists Mr. Heaps's rental address as located in the Delaware Valley Regional School District.[4]

Although the Board Defendants' letter purports to challenge Mr. Heaps's residency within the school district, it in fact proves that he lives there. Unsurprisingly based on that, the Board Defendants' own employees decided to enroll Mr. Heaps's daughter in the district for the 2025–26 school year. Attachment 1 at 3–4. Notably, that enrollment occurred *after* the Board Defendants filed their letter with this Court, which acknowledges that Mr. Heaps's was living in Stockton. ECF No. 94 at 1 (filed September 4); *see* Attachment 1 at 3 (enrollment on September 5). So the Board Defendants' employees chose to enroll Mr. Heaps's daughter even when fully aware of her permanent address.

---

[2] *Property Explorer,* OGIS New Jersey, https://newjersey.maps.arcgis.com/apps/webappviewer/index.html?id=3a4290e1b3d64094a8b8a127965ab43a.

[3] *Find Address Geographies*, U.S. Census Bureau, https://geocoding.geo.census.gov/geocoder/geographies/address?form.

[4] *School & District Navigator*, NCES, https://nces.ed.gov/ccd/schoolmap/.

Honorable J. Brendan Day, U.S.M.J.    September 24, 2025
Page 5

The Board Defendants' requested discovery is inconsistent with their concessions about Mr. Heaps's residence. A simple search of government records available in widely accessible online databases makes that clear.

**(2)      The Board Defendants omitted evidence disproving their second factual attack.**

Mr. Heaps has been forthcoming that his partner recently purchased a house in Florida. *See* Attachment 1 at 2. Since then, Mr. Heaps has traveled to Florida to look for work. *Id.* He "may make additional trips to Florida" and include his daughter and partner on them. *Id.* at 3. One day, he plans to relocate there. *Id.* at 2. But for now, his family resides at the New Jersey rental house and Mr. Heaps plans for his family to continue to reside there. *Id.*; *see also id.* at 6–17 (a year-long lease through spring 2026). The Board Defendants' second factual attack aimed at delaying this case concerns this Florida property. But the only 'evidence' they present that "[Mr.] Heaps has moved out of the district," ECF No. 100 at 4, is a handful of cherry-picked Facebook posts from Mr. Heaps's partner, *see* ECF No. 94 at 2–5.

Mr. Heaps's affidavit already dispels the allegation that he currently lives in Florida. As explained, those posts concerned the family's vacation to the Florida house during summer break. Attachment 1 at 2. Thus, around the same time as the Facebook posts cited by the Board Defendants, Mr. Heap's partner posted about returning home to New Jersey. *See id.* at 23 (stating "home again" and that the "[v]acation ha[d] officially ended," while sharing photographs of Virginia sunsets "on the way back"). Mr. Heaps's affidavit and this omitted evidence show that the Board Defendants' letter is based on a "misunderstanding"—one that they could have addressed by providing other available evidence to the Court. ECF No. 94 at 2. No discovery is necessary.

Honorable J. Brendan Day, U.S.M.J.                                      September 24, 2025
                                                                                  Page 6

**(3)    The scope of the Board Defendants' requests is disproportionate to the purported purpose of discovery.**

Finally, the Board Defendants' requested discovery is not "proportional to the needs of the case" at this point. Fed. R. Civ. P. 26(b)(1). In particular, "the burden" of deposing Mr. Heaps's minor daughter "outweighs its likely benefit." *Id.*

Indeed, her deposition is even less relevant to her father's residency than it would have been when this Court denied the request to depose her in July 2024. *See* ECF No. 76 at 1. Depositions of her and her family and documents related to the lease and purchase couldn't possibly reveal any additional information about the rental home's location. Given the federal, state, and district information already proving that the rental home is in the district, it's unlikely any other information exists that's relevant to this point. If it did, the Board Defendants themselves would possess or control it—not Mr. Heaps. And certainly, they can't demand discovery when only they could possibly possess the relevant information.

Likewise, Mr. Heaps's affidavit to this Court obviates any need for further information about his partner's Florida property. Yet the Board Defendants insist they must depose his minor daughter, whose mental health is at issue in this case, to learn about what her father has already disclosed to Defendants and the Court. "[U]nder the circumstances and procedural posture of this case," the requested discovery would "not be proportional to the needs of the case at this time, would not result in relevant information necessary for the Court's determination . . . , and would be unnecessarily burdensome to Jane Doe." ECF No. 76 at 1–2.

Because the Court already has all the evidence it needs to reject the Board Defendants' factual allegations, Mr. Heaps respectfully requests that the Court refuse their discovery application.

We thank Your Honor for consideration of our position.

Honorable J. Brendan Day, U.S.M.J.                                September 24, 2025

                                                                              Page 7

Respectfully yours,

**MURRAY-NOLAN BERUTTI LLC**

*/s/ Ronald A. Berutti*

By:_____

          Ronald A. Berutti

RAB/ad