# MURRAY-NOLAN BERUTTI LLC
## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Reply to:** Ron@MNBlaw.com

**Associate**
Rebecca Petersen (NJ)

**Of Counsel**
Beth Chambers (CO)
Elise Potenta (NJ)

January 21, 2026

**Via eCourts**
Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

>       **Heaps v. Delaware Valley High School Board of Ed. et als.**
>       **Civ. No. 3:24-cv-107 (GC)(JBD)**
>       **Our File No. 01195**

Dear Judge Castner,

As Your Honor is aware, this firm represents the plaintiff, Christin Heaps herein. In keeping with Your Honor's Text Order, please accept this letter as to the plaintiff's position regarding what claims remain justiciable.

The plaintiff notes that there are three pertinent groupings of defendants. First is Delaware Valley Regional High School Board of Education ("DVR"), Scott McKinney in his official capacity as Superintendent, and Ashley Miranda in her capacity as school counselor ("DVR Defendants"). The second grouping is McKinney and Miranda in their individual capacities ("Individual Defendants"). The third grouping consists of Matthew J. Platkin in his official

Honorable Georgette Castner, U.S.D.J.                                                January 21, 2026
                                                                                                  Page 2

capacity as Attorney General ("AG"), and Kevin Dehmer in his official capacity as Acting Commissioner of Education ("DOE") (together "State Defendants").[1]

The Amended Complaint contains five Counts: 1) Declaratory Judgment per 28 U.S.C. § 2201; 2) Due Process/Parental Rights per 42 U.S.C. §1983; 3) Violation of N.J.S.A. 10:6-; 4) Supremacy Clause per 42 U.S.C. §1983; and 5) Privileges and Immunities per 42 U.S.C. §1983. Counts 2-5 all seek economic and equitable damages. Count 2 asserts that the Supreme Court and Third Circuit recognize that the plaintiff's fundamental Parental Rights have been violated. Count Three seeks viable relief under Federal and State Constitution and laws that have been violated. Count Four asserts a viable claim that defendants harmed the plaintiff by violating the Supremacy Clause. Unlike the others, Count Five is justiciable only for preserving the claim that defendants violated the plaintiff's rights under Privileges and Immunities Clause of the Fourteenth Amendment.

**First Count: Declaratory Judgment.**

The essence of this action concerns DVR's policy of following what the AG has herein argued to be required under the *New Jersey Law Against Discrimination*, *N.J.S.A.* 10:5-1 *et seq.* ("LAD"), which is enforcement of DOE Policy 5756, which has been adopted as official DVR policy (the "Policy"), which reads as follows:

> The school district shall accept a student's asserted gender identity; parental consent is not required. A student need not meet any threshold diagnosis or treatment requirements to have his or her gender identity recognized and respected by the school district, school, or school staff members. In addition, a legal or court-ordered name change is not required. There is no affirmative

---

[1] Moving forward, Jennifer Davenport, Acting Attorney General, will replace Platkin and, it is suspected, that Dehmer will eventually be replaced by a new Commissioner of Education who will be appointed by Governor Sherrill.

duty for any school district staff member to notify a student's parent of the student's gender identity or expression.

### A. <u>The District Court should exercise its discretion to hear all claims given that the required analysis as to whether jurisdiction over a Declaratory Judgment action favors such outcome.</u>

As will be detailed *infra,* the plaintiff seeks legal damages which are the *sine qua non* of this legal action. The Third Circuit Court of Appeals held in in *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017), that the District Court retains discretion and may decline jurisdiction over the entire action if doing so is consistent with *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014), which requires that the District Court consider the following factors, the first seven of which apply here:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*1) Whether a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy*

This factor weighs in favor of the plaintiff, who is seeking declarations including a) that he has the fundamental right under the Fourteenth Amendment's Due Process Clause to direct the upbringing of his child including as related to the Policy; b) no compelling government interest of any defendant exists regarding socially transitioning minor children without fully informed parental consent of the parents or legal guardians; c) declaring the LAD void under the 14th Amendment's Due Process Clause to the extent that the Policy is even optional; and d) Declaring the Policy to be unconstitutional under the 14th Amendment Due Process Clause, all of which are independent of the injunctive relief which is no longer available to the plaintiff.

*(2) The convenience of the parties.*

This factor weighs in favor of the plaintiffs. Dismissal based on a discretionary determination would require the plaintiff to refile in state court after what has already been two years of procedural motion practice and appellate practice which drove the plaintiff out of the state so that he could enroll his daughter in school without fear that his parental rights would be harmed. Even if this Court is inclined to dismiss the action on the merits (it should not), the relatively quick outcome would allow the plaintiff to bring his appeal in the near term, as opposed to awaiting the drafting of a new complaint, service, a probable motion to dismiss, etc. Defendants are equally inconvenienced if this proceeding is dismissed by this Court, because they will alsot be compelled to suffer further delay at cost to taxpayers and also will benefit from sooner obtaining finality of the issues in this action.

*(3) The public interest in settlement of the uncertainty of obligation.*

This factor favors the plaintiff in that there is a great public interest in settling the issues which are the subject of this action. For instance, in *Mirabelli v. Olson*, 2025 U.S. Dist. LEXIS

Honorable Georgette Castner, U.S.D.J.                                                            January 21, 2026

                                                                                                                                                Page 5

269263 (S.D.CA)[2], the Southern District of California recently granted class certification and granted an injunction against the State of California from enforcing a policy similar to the Policy herein. Further, it is no secret that there is significant national public debate on this issue. Under the circumstances, the uncertainty of the obligation to comply with or enforce the Policy makes settlement of the questions raised herein ones of great public interest.

*(4) The availability and relative convenience of other remedies.*

      This factor weighs in favor of the plaintiff because those who continue to be affected by the enforcement of the Policy have no remedy other than to challenge the Policy in court. As for the plaintiff, without the declarations being decided, there is no other remedy that he will have if the issues as to the constitutionality of defendants' enforcement of the Policy.

*(5) A general policy of restraint when the same issues are pending in a state court.*

      This factor weighs in favor of the plaintiff because no such action concerning the same issues are known to be pending in state court.

*(6) Avoidance of duplicative litigation.*

      This factor weighs in favor of the plaintiff since this matter will be refiled in State court should this case be dismissed.

*(7) Prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata.*

      This factor is neutral, since no procedural fencing is in issue.

---

[2] Stay granted *Mirabelli v. Bonta*, 2025 U.S. App. LEXIS 33773 (9th Cir.)

Honorable Georgette Castner, U.S.D.J.   January 21, 2026
Page 6

### B. The Eleventh Amendment does not bar the claims against the State.

It is presumed that the State Defendants will argue that they are immune from suit in this Court pursuant to the Eleventh Amendment, now that the injunctive relief is not available to the plaintiff. However, that is not the case.

The State Defendants likely will argue that *Ex Parte Young*, 209 U.S. 123 (1908), only permits federal claims to continue against the State in Federal Court if it seeks injunctive relief. While *Young* specifically concerned injunctive relief, in *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 184 (2022), the United States Supreme Court took a more expansive view asserting that *Young* also applied to claims simply seeking declaratory relief. More specifically, the Supreme Court wrote, "usually a plaintiff will sue the individual state officials most responsible for enforcing the law in question and seek injunctive **or declaratory relief** against them. (*citing Young*). The Supreme Court continued, "[d]espite the artifice [of a federal lawsuit being brought against a Department head as opposed to the State itself], of course, a State will as a practical matter often retain a strong interest in this kind of litigation ... since a suit of this sort can implicate 'the continued enforceability of [the State's] own statutes.'" *Id.* (*quoting Maine v. Taylor*, 477 U.S. 131, 137 (1986)).

Further, in the case *sub judice*, not only are the State Defendants being sued in their official capacities, but the Individual Defendants are being sued individually based upon their actions while serving as State officials while executing official policies of DVR and the State. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978) ("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") The AG is obligated to defend the Individual Defendants as a matter of law and, indeed,

Honorable Georgette Castner, U.S.D.J.                                                January 21, 2026
                                                                                            Page 7

already has commenced such defense, which evidences the Individual Defendants' desire to be defended by the AG. *See N.J.S.A.* 59:10A-1 ("the Attorney General shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment.")

Moreover, and at the very least, the plaintiff wishes to preserve his claim that *Hans v. Louisiana*, 134 U.S. 1, 12-13 (1890), should be overturned. *Hans* held that the Eleventh Amendment precludes a State from being sued in a U.S. District Court within the State, which contradicts the plain language of the Eleventh Amendment.

For all such reasons, this Court should retain jurisdiction over the Declaratory Judgment action.

**Second, Fourth, and Fifth Counts: 42 U.S.C. § 1983.**

As noted above, pursuant to *Monell*, the claims against the DVR Defendants remain justiciable since the Individual Defendants were acting in accordance with official DVR and State policies. Such actions have damaged the plaintiff's rights for which he seeks economic damages, among other relief. Further, the Individual Defendants are potentially liable in their individual capacities pursuant to the plain language of 42 U.S.C. § 1983.[3]

Finally, although the Fifth Count is only justiciable in order to preserve a claim that *The Slaughterhouse Cases*, 83 U.S. (16 Wall.) 36 (1872), should be overturned by the Supreme Court.

---

[3] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Thus, while this Court cannot grant the subject relief since it would be contrary to existing constitutional principles, the plaintiff seeks to preserve such claim in good faith.

### **Third Count: N.J.S.A. 10:6-2 *et seq*.**

The Third Count alleges that the plaintiff is entitled to economic damages and other relief related to defendants' violation of his rights under the New Jersey Constitution. Such claim remains justiciable in the same way that the federal claims remain justiciable. The only question is whether this Court will exercise supplemental jurisdiction over such claims.

"Supplemental jurisdiction enables Federal courts to hear state law claims over which there is no independent basis of jurisdiction." *New Jersey Freedom Org. v. City of New Brunswick*, 7 F. Supp. 2d 499, 516 (D.C.N.J. 1997) (*citing* 28 *U.S.C.* § 1367). "Supplemental jurisdiction depends upon the existence of subject matter jurisdiction over other claims in the action." *Id.*

Given that the Federal claims remain viable, there is no reason for this Court to decline supplemental jurisdiction over the State law claims. Thus, the Third Count of the Amended Complaint remains justiciable.

### **Conclusion.**

For all of the above reasons, other than the Fifth Count which only seeks preservation of a good faith legal argument, all claims in Counts One through Five remain justiciable and could result in determinations in favor of the plaintiff.

Should defendants submit any letter seeking to contradict the positions above, it is respectfully requested that the plaintiff be given an opportunity to reply.

Honorable Georgette Castner, U.S.D.J.　　　　　　　　　　　　　　　　January 21, 2026
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

　　　We thank Your Honor for consideration of this matter.

　　　　　　　　　　　　　　　　　　　Respectfully yours,

　　　　　　　　　　　　　　　　　　　**MURRAY-NOLAN BERUTTI LLC**

　　　　　　　　　　　　　　　　　　　　*/s/ Ronald A. Berutti*
　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　Ronald A. Berutti

/RAB