

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Acting Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

January 23, 2026

**Via Electronic Filing (CM/ECF)**
Honorable Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: No. 3:24-cv-00107 (GC-JBD)
*Doe v. Delaware Valley Reg'l High School Bd. of Educ., et al.*

Dear Judge Castner:

State Defendants submit this letter in response to Plaintiff Christin Heaps's letter filed on January 21, 2026 (ECF 115). Contrary to Heaps's position, his admission that he and his child have moved to Florida deprives this Court of jurisdiction over all of Heaps's claims against State Defendants. Accordingly, consistent with Your Honor's judicial preferences, State Defendants request a pre-motion conference in anticipation of filing a motion to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(1).

The Amended Complaint seeks only prospective relief against State Defendants. Specifically, it seeks to enjoin the New Jersey Attorney General from enforcing the New Jersey Law Against Discrimination (LAD) against school districts that disregard transgender students' requests to be addressed with certain names or pronouns and to keep such requests confidential. ECF 40 at 16, ¶H (Count 1); *id.* at 18–19, ¶E (Count 2); *id.* at 20, ¶D (Count 3); *id.* at 24 (Count 4), ¶D; *id.* at 28, ¶E (Count 5). It seeks a declaration that any such enforcement of the LAD would violate the Fourteenth Amendment's Due Process Clause. *Id.* at 16, ¶C (Count 1). It seeks to enjoin the Commissioner of



the New Jersey Department of Education (NJDOE) from recommending that school districts adopt policies like the ones Heaps challenges here. *Id.* at 16–17, ¶I (Count 1); *id.*at 19, ¶F (Count 2); *id.* at 20–21 (Count 3), ¶E; *id.* at 24, ¶E (Count 4); *id.* at 28, ¶F (Count 5). And it seeks a declaration that any such recommendation by NJDOE would violate the Due Process Clause as well. *Id.* at 16, ¶D (Count 1). No compensatory relief is sought against State Defendants.[1]

Consistent with Heaps's recent admission that he and his family no longer reside in New Jersey, *see* ECF 112 at 1 (explaining that the Heaps family has "determined to move to Florida"), Heaps properly has abandoned "continued litigation over an injunction," *id.*; *see also* ECF 115 at 4 (conceding that "injunctive relief … is no longer available"); *cf.* ECF 114 (Third Circuit Order dismissing Heaps's appeal of this Court's order denying a preliminary injunction). The State agrees with District Defendants, *see* ECF 116, that this Court should therefore treat the District's Rule 12(b)(1) Motion To Dismiss Plaintiff's Claims For Injunctive Relief, *see* ECF 110 at 1–2, as unopposed and grant that motion. That disposes of all the relief sought against State Defendants in Counts 2–5, leaving only the declaratory relief sought in Count 1.

But for the same reasons that Heaps may no longer pursue injunctive relief against State Defendants, he may no longer pursue declaratory relief either. Article III precludes continued litigation over a claim for relief if factual developments since the onset of litigation would deprive a judgment in the plaintiff's favor of any actual benefit to the plaintiff. *See Road-Con, Inc. v. City of Phila.*, 120 F.4th 346, 356 (3d Cir. 2024). Because claims for injunctive and declaratory relief alike are future-oriented, providing redress only for prospective injuries, both these forms of relief are rendered moot if there is no prospective injury left to redress. *See Lutter v. JNESO*, 86 F.4th 111, 129 (3d Cir. 2023) (an injunction must "prevent the loss of an entitlement in the future" (quotation omitted)); *id.* ("a declaratory judgment must provide conclusive resolution of a concrete controversy related to a prospective course of action by one of the adverse parties").

[1] To the extent Heaps argues that the Acting Attorney General remains a proper defendant in this suit because she "is obligated to defend" the school district officials sued in their individual capacities, ECF 115 at 6–7, Heaps is mistaken. As the school district officials are not employees of the State, *see, e.g.*, *Headen v. Jersey City Bd. of Educ.*, 18 A.3d 1072, 1080 (N.J. Super. Ct. App. Div. 2011) (distinguishing "State employees" from "school district employees"), the Acting Attorney General is not obligated to defend them. *See* N.J. Stat. Ann. §59:10A-1; *Lavezzi v. State*, 97 A.3d 681, 689 (N.J. 2014) (distinguishing county prosecutors, whom the State sometimes must defend and indemnify, from local school officials, whom the State does not defend and indemnify). Nor has the Acting Attorney General been representing the school district officials in this action.

That is the case with respect to all claims for prospective relief at issue here, including those for declaratory relief against State Defendants. Because the Heaps family has moved to Florida, granting either injunctive or declaratory relief against New Jersey officials "would have no impact on [Heaps] whatsoever." *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 217 (3d Cir. 2003). Necessarily then, a declaratory judgment would not redress any injury to Heaps. The claims for declaratory relief are moot.

Heaps misunderstands the justiciability problem with these claims. Although Heaps argues that this Court should exercise its judgment to allow him to proceed with his claims for declaratory relief, ECF 115 at 3, this Court has no discretion to exercise jurisdiction over a claim that no longer satisfies Article III's case or controversy requirement. *See, e.g.*, *Donovan*, 336 F.3d at 216 ("The Constitution limits this court's jurisdiction to the adjudication of actual cases and controversies."); *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (district court erred by "failing to consider if it had Article III jurisdiction" given potential mootness issue before dismissing case on abstention grounds). While it is true that a court has "discretion to *decline* jurisdiction" over certain actions brought under the Declaratory Judgment Act, *see Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017) (emphasis added), it has no discretion to *exercise* jurisdiction over a claim for declaratory relief that would not redress any Article III injury, in violation of constitutional limitations on the scope of judicial power, *see Donovan*, 336 F.3d at 216. After all, "just like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement." *California v. Texas*, 593 U.S. 659, 672 (2021). Because Heaps's does not, Count 1 must be dismissed.

As no live claims remain against State Defendants now that Plaintiff concedes he and his child have moved to Florida, the State respectfully requests a conference to discuss its intention to file a Rule 12(b)(1) motion to dismiss.

Respectfully submitted,

JENNIFER DAVENPORT
ACTING ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Matthew Lynch
Matthew Lynch
Deputy Attorney General

cc: all counsel of record (via CM/ECF)