## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE (said name being fictitious),<br><br>     Plaintiff,<br><br>v.<br><br>DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, SCOTT MCKINNEY, individually and in his official capacity as Superintendent of Schools, ASHLEY MIRANDA, individually and in her official capacity as school counselor, MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, ANGELICA ALLEN-McMILLAN, in her official capacity as Acting Commissioner of the New Jersey Department of Education, and JOHN ROES 1-10 (said names being fictitious), individually and in their official capacities,<br>     Defendants. | Civil Action No. 3:24-CV-107 (GC)(JBD) |

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE.

MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
908-588-2111
ron@mnblawfirm.com
*Attorneys for Plaintiff Christin Heaps*

Of Counsel and on the Brief:
Ronald A. Berutti - 023361992

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ......................................................................................... i

TABLE OF AUTHORITIES ................................................................................. ii

STATUTES AND REGULATIONS ..................................................................... iii

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS .................................................................................... 4

LEGAL ARGUMENT .......................................................................................... 6

    I.    Consolidation Would be Prejudicial to the Plaintiffs in Both Actions and Would be Judicially Inefficient .............................. 6

    II.    The Motion to Consolidate Violates *L.Civ.R. 42.1* ................... 11

CONCLUSION .................................................................................................... 12

i

## TABLE OF AUTHORITIES

### *CASES*                                                                *PAGE(S)*

*Doe v. Pine Richland Sch. Dist., 2026 U.S. App. LEXIS 11546 (3rd Cir. April 23, 2026* ................................................................................................5, 9

*Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535 (D.N.J. 2008)* ................7

*Hall v. Hall, 584 U.S. 59, 70 (2018)* ...............................................................9,10

*In re Central European Distrib. Corp. Sec. Litig., 2012 U.S. Dist. LEXIS 160248, 2012 WL 5465799 *9 (D.N.J. Nov. 8, 2012* ................................................7

*Johnson v., Manhattan R. Co., 289 U.S. 479, 495-497 (1933)* ................................9

*Landis v. North Am. Co.; 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936))* ..7

*Liberty Lincoln Mercury, 149 F.R.D. at 80* ...............................................................8

*Margolis v. Hydroxatone, LLC, 2013 U.S. Dist. LEXIS 31345, *5-6* ........................7

*Miller Brewing Co. v. Meal Co., 177 F.R.D. 642, 5439 (E.D.WI. 1998)* ..................7

*Mirabelli v. Bonta, 146 S.Ct. 797 (2026)* ...............................................................2,5,6

*Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)* ........................................9

*United States v. Kramer, 770 F. Supp. 954, 957 (D.N.J. 1991)* ................................7

## *STATUTES & REGULATIONS*

*28 U.S.C. § 1292(a)(1)* .................................................................................10

*Fed. R. Civ. P §42* ............................................................... 1, 3, 6,7,8,11

*L.Civ.R. 42.1* ...............................................................................................11

## *PUBLICATIONS*

C. A. Wright & Arthur R. Miller, *Federal Practice and Procedure* at § 2381 .......7

## PRELIMINARY STATEMENT

Defendants Jennifer Davenport and Lily Laux (together, "Davenport") move to consolidate *Lema v. Davenport*, Civ. No. 3:26-cv-4682 (RK) ("*Lema*"), filed April 28, 2026, with the within case ("*Heaps*"),[1] which was filed January 5, 2024. However, *Fed. R. Civ. P.* 42 ("*Rule 42*") militates against consolidation because consolidation will only result in delay and prejudice, as opposed to convenience and efficiency. More specifically, the *Lema* plaintiffs seek only injunctive relief, and anticipate a near term appeal. Mr. Heaps seeks money damages, which require discovery and, at the conclusion of the case, seeks a permanent injunction. The needs of the litigants in the two cases are directly contrary to one another.

*Lema* was filed together with an Order to Show Cause seeking a temporary restraining order and preliminary injunction against all defendants.[2] To the contrary, *Heaps* already was in the Third Circuit Court of Appeals after this Court denied Mr. Heaps's application for a preliminary injunction. The Third Circuit thereafter denied the motion to expedite the appeal of Mr. Heaps, whose minor child was 'attending'

---

[1] Mr. Heaps originally filed his Complaint as "John Doe." However, in the Third Circuit, he determined to end his anonymity and proceed under his given name.

[2] Honorable Robert Kirsch, U.S.D.J. required service on all defendants and for the plaintiffs to seek such relief by way of formal motion on notice, as opposed to Order to Show Cause. Thus, the motion will be filed as soon as all defendants have been served, which has not yet occurred as of this writing.

school from home since January 2024. Under the circumstances, it became clear that Mr. Heaps's daughter would miss in-person schooling through her senior year of high school due to DVRHSD's refusal to treat his daughter as a female. Thus, in the best interests of his daughter, Mr. Heaps moved her to Florida, which has no policies which permit schools to gender transition students in secret, so that she could attend school in person without violation of Mr. Heaps's parental rights. Consequently, Mr. Heaps's appeal seeking a preliminary injunction became moot.

After Mr. Heaps dismissed his appeal, the United States Supreme Court decided *Mirabelli v. Bonta*, 146 S.Ct. 797 (2026), held that secretly gender-transitioning minor public school children from their parents likely violates long-established Fourteenth Amendment Parental Rights--exactly the issue raised by Mr. Heaps--and the First Amendment Free Exercise Clause. Mr. Heaps has since filed a Second Amended Complaint to further burnish his money damages claims against Delaware Valley Regional High School District ("DVRHSD") and its individual employees. However, the only injunctive relief sought by Mr. Heaps is a permanent injunction as part of a final Judgment. Thus, Mr. Heaps must now proceed with discovery.

To the contrary, the *Lema* plaintiffs seek a preliminary injunction prohibiting the practice by the State and school district defendants of secretly gender-transitioning minor children without notice to or the fully-informed consent of their

2

fit parents and/or guardians. The *Lema* plaintiffs intend to file such motion as immediately as will be allowed. They are not seeking any money damages. The parties in *Lema* will need little or no discovery since the issues raised are pure questions of constitutional law. Should the *Lema* ultimately lose the motion for a preliminary injunction, they will almost certainly file an immediate appeal of the result, as would defendants if they lose the motion. However, no court appears to have decided whether *Rule* 42(a) permits an immediate appeal of a preliminary injunction denial in one of two consolidated cases. Consequently, it is foreseeable that consolidation will severely prejudice to the *Lema* plaintiffs, who may then have to wait until a final judgment is entered in *Heaps* before taking an appeal of a preliminary injunction denial.

Defense counsel in *Heaps* has recently asserted that he expects the *Heaps* litigation to be ongoing for 3-4 years. (**Berutti Dec. Ex. A**)[3] Mr. Heaps is also likely to face discovery and related delays, while the unrelated legal questions in *Lema* are being resolved. Consequently, consolidation will likely cause delay and inconvenience in *Heaps* and could be severely prejudicial to the *Lema* plaintiffs regarding their rights to emergent relief. Thus, consolidation will only create confusion, inconvenience, and prejudice, and will not in any way make management

---

[3] "Berutti Dec." refers to the accompanying Declaration of Ronald A. Berutti, dated May 17, 2026.

3

of these two cases more cost-effective and efficient for the Court, legal counsel, or the parties. Under such circumstances, consolidation under *Rule* 42 should not be further considered.

## STATEMENT OF FACTS

The within matter was filed January 5, 2024, and sought a preliminary injunction preventing the New Jersey Attorney General, the Commissioner of Education, and DVRHS (collectively "Heaps Defendants") from promulgating, adopting, or enforcing any law or policy which requires or permits school districts to engage in gender transitioning of minor children without notice to or the consent of their fit parents or guardians. After learning that his minor daughter was the subject of such a gender transition in school, Mr. Heaps also sued for money damages related to the violation of his Fourteenth Amendment constitutional parental rights.

This Court denied Mr. Heaps' application for a preliminary injunction, which was appealed. From the time he filed this lawsuit, Mr. Heaps was forced to home school his daughter because DVRHSD would not discontinue with its policy of 'socially transitioning' Mr. Heaps' daughter while on school property over his objection. While pending before the Third Circuit, Mr. Heaps's motion to expedite the appeal was denied. Thereafter, it became increasingly obvious that Mr. Heaps' daughter would be unable to attend school during her senior year in high school,

4

while Mr. Heaps awaited an outcome to the appeal. Thus, in the best interest of his daughter, Mr. Heaps moved to Florida, which does not permit school districts to gender-transition minor students. Consequently, as there was no longer a need for emergent relief, Mr. Heaps withdrew his appeal.

After Mr. Heaps moved to Florida, the Supreme Court issued its decision in *Mirabelli,* which concerned the exact same issue raised by Mr. Heaps in the within matter. More specifically, the United States Supreme Court held that long standing Parental Rights cases under the Fourteenth Amendment likely precluded state actors from adopting or enforcing laws or official policies that require or permit school districts to secretly gender-transition minor students without notice to or the fully informed consent of their fit parents or guardians. Thus, on April 22, 2026, Mr. Heaps filed a Second Amended Complaint which more closely modelled his claims after *Mirabelli*'s holding, but only included a prayer for a permanent injunction. **(Berutti Dec. Ex. B)**

On April 23, 2026, the decision in *Doe v. Pine Richland Sch. Dist.*, 2026 U.S. App. LEXIS 11546 (3d Cir. April 23, 2026) **(Berutti Dec. Ex. D)**, was issued by the Third Circuit. *Pine Richland* concerned the same issues of school district secrecy in gender-transitioning. One of the plaintiffs in *Pine Richland* moved out of the school district during the litigation. Thus, the question of whether that plaintiff was still able to seek a preliminary injunction was raised. The Third Circuit ruled against that

plaintiff's right to appeal. Consequently, like the plaintiff in *Pine Richland*, Mr. Heaps is not likely entitled to a preliminary injunction under any circumstance. As such, Mr. Heaps' case is now one about money damages.

Following the *Mirabelli* ruling, the *Lema* plaintiffs filed a Complaint and an Amended Complaint. (**Berutti Cert. Ex. C**) The *Lema* plaintiffs **only** seek injunctive relief, including a preliminary injunction concerning pure questions of constitutional law which track the decision in *Mirabelli*. Further, other plaintiffs in *Pine Richland*, whose children remained in the subject school district, were held to have standing to seek a preliminary injunction. Thus, the *Lema* plaintiffs will seek a preliminary injunction and will have a right to an immediate appeal, provided that the cases are not consolidated, which could throw the issue of whether there remains an immediate right to appeal into question. It is a virtual certainty that the disappointed parties in *Lema* will want to bring an immediate appeal, such that the legal questions involved will likely be the subject of a Third Circuit appeal in a matter of months. Consolidation could prejudice the ability of the *Lema* plaintiffs to file such an appeal, to which they should be entitled.

## LEGAL ARGUMENT

### POINT I

### CONSOLIDATION WOULD BE PREJUDICIAL TO THE PLAINTIFFS IN BOTH ACTIONS AND WOULD BE JUDICIALLY INEFFICIENT.

The motion to consolidate does not comport with the purpose of *Rule* 42(a).

6

More specifically, consolidation has the potential of being highly prejudicial to the plaintiffs in both cases and will not promote cost-savings or judicial efficiency. Instead, consolidation will likely grind the wheels of justice to a halt with motion practice and uncertainty for the courts and the parties. For such reasons, the motion must be denied.

Pursuant to *Rule* 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. *Margolis v. Hydroxatone, LLC*, 2013 U.S. Dist. LEXIS 31346, *5-6. As adopted, *Rule* 42(a) "is designed 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched **with expedition and economy while providing justice to the parties.**'" *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 6439 (E.D.WI. 1998) (emphasis added) (*quoting* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* at § 2381). Indeed, the provision of *Rule* 42(a)(3) that consolidation may be employed in the Court's discretion "to avoid unnecessary cost or delay," makes the *Rule*'s intended purposes abundantly clear, which purposes have been explicitly stated in prior decisions. *See United States v. Kramer*, 770 F. Supp. 954, 957 (D.N.J. 1991) (*quoting Landis v. North Am. Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936)) ("A district court has 'inherent power to control

7

the disposition of cases on its docket **with economy of time and effort for itself,**

**for counsel and for litigants**,'" and "*Rule* 42(a) . . . supplements this power."

(emphasis added)).

In *Margolis*, *supra*, 2013 U.S. Dist. LEXIS 31346, *6-7, Honorable Cathy L. Waldor, U.S.D.J., wrote as follows of *Rule* 42 (emphasis added):

> [A] threshold requirement for consolidation is whether there exists a common question of law or fact. *See In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1998). While the existence of common issues is a prerequisite for consolidation, **their mere presence does not compel consolidation**. *Liberty Lincoln Mercury*, 149 F.R.D. at 80. Further, **when exercising its discretion on a consolidation motion, a court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice."** *In re Central European Distrib. Corp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 160248, 2012 WL 5465799, * 9 (D.N.J. Nov. 8, 2012) *citing In re Consol. Parlodel Litig.*, 182 F.R.D. at 444; *see also Liberty Lincoln Mercury*, 149 F.R.D. at 81.

In *Margolis*, and relying on *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535 (D.N.J. 2008), Judge Waldor denied a motion to consolidate because although there were common questions of fact, the two cases which were the subject of the motion were at very different stages of litigation. More specifically, Judge Waldor noted "[c]onsolidation is unwarranted here where it would result in prejudice to the parties, added costs and judicial resources, and delay." 2013 U.S. Dist. LEXIS 31346, *8-9. Indeed, the United States Supreme Court has long held that "consolidation is permitted as a matter of convenience **and economy in**

8

**administration** ..." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (emphasis added)(*quoting Johnson v. Manhattan R. Co.*, 289 U. S. 479, 496-497 (1933)).

While it is correct that there are common questions of fact and law involved in the two cases under consideration for consolidation herein, the two cases are very different types of cases and are at very different stages of litigation so that consolidation will create delays in administration and unnecessary entanglement of disparate issues in the two cases. Moreover, consolidation could be fatally prejudicial to the legal issues in the *Lema* case by causing potentially years of delay in having them adjudicated and by inviting motion practice as to appealability. Meanwhile, the *Heaps* damages action--which should soon enter the discovery phase--would likely to be hampered by *Lema*'s procedural issues, including an appeal in *Lema*, should consolidation be granted. Simply put, consolidation serves neither convenience nor economy in administration for the District Court, the Third Circuit, or for the parties and their legal counsel.

*Heaps* seeks money damages against DVRHSD due to the injuries inflicted on Mr. Heaps by the Superintendent and Counsellor's violations of his long-standing Parental Rights under the Fourteenth Amendment through employment of official government policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability for its employee's use of official government policy to violate a plaintiff's constitutional rights). Mr. Heaps only seeks permanent injunctive relief

9

and does not seek preliminary injunctive relief. Consequently, *Heaps* is ready for discovery on the money damages claims. Defense counsel for DVRHSD believes that it will require 3-4 years of litigation to conclude the *Heaps* case. Further, pursuant to *Pine Richland*, even if Mr. Heaps sought to move for a preliminary injunction, the fact that Mr. Heaps moved his daughter out of the state precludes such relief.

Certainly, *Lema* seeks immediate injunctive relief against the State and five school districts. The *Lema* plaintiffs do not seek any money damages. Consequently, upon service of all defendants and their appearances through counsel, the *Lema* defendants seek a preliminary injunction. How an appeal of the ultimate decision on such motion will impact the consolidated cases is unknown, but it certainly will not create cost-savings or judicial efficiency and will likely result in prejudice.

While 28 U.S.C. § 1292(a)(1) generally allows for an immediate appeal when there is an Order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions," consolidation may create procedural difficulties for such an appeal. In *Hall, supra,* 584 U.S. at 78 (emphasis added), the Supreme Court held that "when one of several consolidated cases is **finally** decided, a disappointed litigant is free to seek review of that decision in the court of appeals." Whether the fact of consolidation adversely impacts a disaffected party's right to seek an interlocutory appeal is undecided. Even if it seems likely that

10

such an appeal will be allowed, a good faith argument to the contrary can be made, thus raising costs, causing inconvenience, and creating judicial inefficiency. Further, as to *Heaps*, the impact of an interlocutory appeal creates other questions: Does *Heaps* have to be stayed? Can *Heaps* proceed with discovery while the *Lema* appeal is ongoing? Must the *Lema* plaintiffs also engage in discovery in the District Court pending appeal? Such issues will only frustrate the Court, the parties, and counsel, with further procedural delays, increased costs, and greater uncertainty. Moreover, the answer to any of these questions could cause substantial prejudice to the parties in one or both the *Heaps* and *Lema* cases, in conflict with the intend of *Rule* 42.

In short, consolidation will only create potential delay, confusion of issues, and prejudice to the parties. Nothing is gained by consolidating the two cases since at this time, *Heaps* is a pure money damages case based on the effect of the Heaps Defendants' policies on Mr. Heaps, whereas *Lema* seeks immediate injunctive relief based purely on questions of constitutional law. *Heaps* requires significant discovery. *Lema* requires little or no discovery. There will be no appellate jurisdiction in *Heaps* until a final Judgment has been entered. *Lema* will be able to immediately proceed to appeal once the initial motion for a preliminary injunction is decided.

Thus, consolidation in no way promotes judicial economy or convenience of administration for the Court or for the parties. Rather, consolidation would only

11

cause potential confusion of issues, delay, and additional cost to litigants, while prejudicing the rights of the parties in both cases. For such reasons, the Motion to Consolidate pursuant to *Rule* 42 should be denied.

POINT II

THE MOTION TO CONSOLIDATE VIOLATES *L.CIV.R.* 42.1.

*Local Civil Rule* 42.1 requires that "A copy of the moving papers shall be served upon all parties in each case to which the consolidation motion applies." As of this writing, at least one of the defendants in *Lema* remains unserved. Other than Davenport, only one other *Lema* defendant attorney has entered an appearance as of this writing. Under the circumstances, the motion violates the most basic requirement of *L.Civ.R.* 42.1 and should not even be entertained.

**CONCLUSION**

Based on the foregoing, the Motion to Consolidate pursuant to *Rule* 42(a) must be denied.

Respectfully submitted,

**MURRAY-NOLAN BERUTTI LLC**
*Attorneys for the plaintiff, Christin Heaps*

/s/ *Ronald A. Berutti*

By:_____
            Ronald A. Berutti

Dated: May 18, 2026

12