# MURRAY-NOLAN BERUTTI LLC
*Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Reply to:** Ron@MNBlaw.com

**Associate**
Rebecca Petersen (NJ)

**Of Counsel**
Beth Chambers (CO)
Elise Potenta (NJ)


September 4, 2026

**Via eCourts**
Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

**Heaps v. Delaware Valley High School Board of Ed. et als.**
**Civ. No. 3:24-cv-107 (GC)(JBD)**
**Our File No. 01195**

Dear Judge Castner,

As Your Honor is aware, this firm represents the plaintiff, Christin Heaps herein. Please accept this letter in response to the pre-motion letters of defendants herein.

**A. The State Claims and the Proposed Third Amended Complaint.**

Initially, the plaintiff concurs that the Secon Amended Complaint's First Count, the Declaratory Judgment Action, will not succeed as a matter of law. Although the claim was brought in good faith for reasons that can be explained if necessary, the plaintiff consents to its dismissal as to all parties. The Fourth Count is raised only for purposes of preserving the claim on appeal. Voluntary dismissal may affect the plaintiff's ability to raise the issue on appeal. Thus, the plaintiff cannot voluntarily dismiss his Privileges and Immunities Clause claim as to the District Defendants, but can do so as related to the State defendants serving in their official capacities.

The plaintiff also agrees that as stated, the Second and Third Counts cannot succeed against the State defendants in their official capacities. However, the plaintiff maintains viable claims against former Assistant Commissioner of Education, Angelica Allen-McMillan, and former Commissioner of Education, Kevin Dehmer, individually. Thus, a proposed Third Amended Complaint ("TAC") and redlined version thereof are attached for reference. The proposed TAC

also includes a new claim pursuant to the New Jersey Civil Rights Act ("CRA"), *N.J.S.A.* 10:6-2(c), New Jersey's analogue to a Section 1983 action. *Morillo v. Torres*, 222 N.J. 104, 116 (2015).

The undersigned recently filed a Complaint in the New Jersey Superior Court and obtained a Temporary Restraining Order against another school district and the State from promulgating, adopting, or enforcing the state "gender affirming care" Guidance and a district policy such as that which is in issue herein. (*Doe v. Monmouth County Regional High School District*, Docket No. MON-L-2335-26.)[1] The Complaint therein raises claims under the CRA, including that the Guidance and the district policy violate New Jersey's name change law, *N.J.S.A.* 2A:52-1, an issue also raised in the proposed TAC's CRA claim.

The United States Supreme Court recently held that **"[u]nder long-established precedent,** parents--not the State--have primary authority with respect to "the upbringing and education of children," which "includes the right not to be shut out of participation in decisions regarding their children's mental health." *Mirabelli v. Bonta*, 607 U.S. 492, 497 (2026) (emphasis added) (*citing Pierce* v. *Society of Sisters*, 268 U. S. 510, 534-535 (1925); accord, *Meyer* v. *Nebraska*, 262 U. S. 390, 399-400 (1923); *Parham* v. *J. R.*, 442 U. S. 584, 602 (1979)). The concurring Justices noted, "[r]elevant here, the doctrine of substantive due process has long embraced a parent's right to raise her child, which includes the right to participate in significant decisions about her child's mental health." *Id.* at 499 (Barrett, J., concurring).

Given the *Mirabelli* decision, neither Allen-McMillan nor Dehmer is entitled to qualified immunity. In *Morillo, supra,* 222 N.J. at 117-118 (internal quotation omitted), the New Jersey Supreme Court examined federal cases (which are followed by New Jersey) regarding the applicability of qualified immunity for state actors engaged in discretionary acts. "The first inquiry asks whether the facts alleged, **taken in the light most favorable to the party asserting the injury,** show '[t]hat the challenged conduct violated a statutory or constitutional right.'" *See Saucier v. Katz,* 533 U.S. 194, 201-02 (2001), *Wood v. Moss*, 572 U.S. 744 (2014). The Court continued, "[s]econd, the court must determine 'whether the right was clearly established.'" *Quoting Saucier, supra*, 533 U.S. at 201. Courts reviewing qualified-immunity claims are free to address the two prongs in any order. *Id.* New Jersey follows federal case law on qualified immunity. *Id.*

In keeping with *Morillo*, neither Allen-McMillan nor Dehmer is entitled to qualified immunity regarding their promulgation, adoption, and/or enforcement of the Guidance. A clear majority of the Supreme Court, including the concurring Justices, held that long-established substantive due process Parental Rights right exist whereby Mr. Heaps was entitled to direct Jane's the education, health, morals, and welfare. Taken in a light most favorable to Mr. Heaps, the Guidance that Allen-McMillan and Dehmer suggested that all school districts follow violated that long-established substantive due process right. Parents' Rights were completely left out of the equation as school consulted with a child who wanted to gender transition and then respected that child's decision as to whether the parents would be notified. Thus, in Mr. Heaps' case, Jane asserted a desire to be treated as a boy. The school district thereafter compelled all staff to use her

[1] Oral argument as to whether a preliminary injunction should issue was held on September 3, 2026. The Court reserved decision.

preferred pronouns and to call her by her chosen "boy" name, including in a separate set of official school records. Mr. Heaps had no say, even after discovering this, as to whether the school district would stop following its unconstitutional transgender policy. Thus, claims against Allen-McMillan and Dehmer, individually, are viable given their roles in giving school districts cover for violating Mr. Heaps's long-established constitutional rights.

**B. The Second and Third Counts Against the District Defendants are Viable.**

The Second and Third Counts alleging §1983 violations against the District Defendants are also viable given the *Mirabelli* decision. The District Defendants violated Mr. Heaps's long-established substantive due process rights. Mr. Heaps alleges (and specifies in the proposed TAC) that reasonable people would know that parents have the primary responsibility for raising their children in terms of health, morals, safety, and education under the Constitution, most particularly given the long-standing nature of the right, as a matter of law. Reasonable people would also know that there is no right for a minor to gender transition in secret at school with the support and the school district's forced compliance by all staff and in official records that is "'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Mirabelli*, *supra*, 607 U.S. at 500 (*quoting Dobbs* v. *Jackson Women's Health Org.*, 597 U. S. 215, 231 (2022)). Taken in light most favorable to Mr. Heaps, the District Defendants are not entitled to qualified immunity.

Further, the CFA applies to denials of New Jersey Constitutional rights and statutory protections as well as violations of the U.S. Constitution. In *Greenberg v. Kimmelman*, 99 N.J. 552 (1985), the New Jersey Supreme Court held that Article I, Paragraph 1 of the N.J. Constitution provides substantive due process rights to be "natural and unalienable rights." *Lewis v. Harris,* 188 N.J. 415 (2006), held that a right is fundamental if it "is deeply rooted in the traditions, history, and conscience of N.J." Given that Parents' Rights are deeply rooted in the traditions and history of the nation, so too are they in New Jersey. Further, the District Defendants, Allen-McMillan, and Dehmer all violated *N.J.S.A.* 2A:52-1 by virtue of promulgating, adopting, and enforcing Guidance and Policy contradicting the name change statute.

Based on the foregoing, the Second and Third Counts of the Second Amended Complaint against the District Defendants are viable. Further, the Third Amended Complaint should be allowed since it adds new defendants (formerly John Does) and new viable claims.

We thank Your Honor for consideration of this request.

Respectfully yours,

**MURRAY-NOLAN BERUTTI LLC**

By: /s/ Ronald A. Berutti
Ronald A. Berutti

/RAB