SHAH LAW GROUP

Roshan D. Shah | Managing Partner
rshah@shahlg.com
P: 732-398-6544 | F: 732-576-0027

October 16, 2026

**VIA CM/ECF ONLY**
Hon. Georgette Castner, U.S.D.J.
United States District Court,
District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ 08609

**Re: Doe v. Delaware Valley Reg'l High School Bd. of Ed., et al.**
**Civil Action No. 24-107 (GC-JBD)**

Dear Judge Castner:

This Firm represents Defendants Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda (collectively, the "Board Defendants") in the above-referenced matter. We submit this letter to seek a pre-motion conference concerning the Board Defendants' request to file a motion to partially dismiss the Third Amended Complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). The basis for the motion is set forth below.

The Third Amended Complaint asserts five claims, though they are set forth in only four counts: 1) substantive due process violation under 42 U.S.C. § 1983 (Count I); 2) procedural due process violation under 42 U.S.C. § 1983 (Count II); 3) a Privileges and Immunities Clause violation under 42 U.S.C. § 1983 (Count III); 4) violation of the Fourteenth Amendment's Due Process Clause under N.J.S.A. § 10:6-2 (Count IV); and 5) violation of the name change law, N.J.S.A. § 2A:52-1 (Count V). *See Third Am. Comp.*, Counts I thru IV, ECF No. 151. We submit that all claims should be dismissed save for the *Monell* claims under Counts I and II, which require further discovery. The basis for our position is set forth below.

A. McKinney And Miranda Are Entitled To Qualified Immunity.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Two questions must be answered in the affirmative before this protection is pierced: 1) taken in the light most favorable to the non-moving party, do the facts alleged show the government actor's conduct violated a constitutional right; and 2) was the right alleged to have been violated so clearly established that it would have been

clear to a reasonable government official that his actions violated the law. *Scott v. Harris*, 550 U.S. 372, 377 (2007). A clearly established right is one that is so "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658 (2012)). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

This Court has twice found that Doe failed to sufficiently allege a due process violation of his parental rights. ECF Nos. 37, 88. Admittedly, the Court did so against a legal backdrop that did not include the U.S. Supreme Court's pronouncement in *Mirabelli v. Bonta*, 607 U.S. 492, 497 (2026). There, the Court found a substantive due process violation where California's policies prohibited teachers from telling parents if their children were socially transitioning at school. While we believe the policy in question here differs from California's—mainly because it contains no prohibition on disclosure—the clearly established law prong provides an easier route to dismissal. There was no clearly established law that put McKinney or Miranda on notice that their alleged actions in accommodating A.H.'s request to socially transition were contrary to the Constitution.

B. <u>The Privileges And Immunities Clause Does Not Provide A Remedy.</u>

The Constitution's Privileges and Immunities Clause protects against discrimination by one state against residents of another on matters concerning fundamental rights. *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 64 (1988). We're unclear how this claim applies here.

C. <u>The NJCRA Claim Also Cannot Survive.</u>

The claims in Count IV are merely a repackaging of the due process and Privileges and Immunities Clause claims, but this time under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2. They should be dismissed for the same reasons that the claims under 42 U.S.C. § 1983 should be dismissed.

D. <u>The Claim Under N.J.S.A. § 2A:52-1 Is Also Untenable.</u>

N.J.S.A. § 2A:52-1 sets forth the requirements for how individuals may legally change their name. Doe contends that the Board Defendants violated the statute by failing to obtain his permission before acceding to A.H.'s wishes to be referred to by male pronouns and a male name. *Third Am. Comp.*, ¶ 104.

This claim is untenable for two reasons. First, N.J.S.A. § 2A:52-1 does not provide for a private cause of action. Second, the Board Defendants did not formally change A.H.'s name. Thus, this claim should also be dismissed.

For these reasons, the Board Defendants seek to move for partial dismissal. If Your Honor has any questions or concerns, please contact me. Thank you.

Respectfully submitted,

SHAH LAW GROUP, LLC

RShah

ROSHAN D. SHAH, ESQ.
For the Firm

c: All Counsel of Record