# MURRAY-NOLAN BERUTTI LLC
## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Associate**
Rebecca Petersen (NJ)
Alexandra Kusen (NJ, NY)

**Of Counsel**
Beth Chambers (CO)
Elise Potenta (NJ)

**Reply to:** Ron@MNBlaw.com

October 26, 2026

**Via eCourts**
Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

**Heaps v. Delaware Valley High School Board of Ed. et als.**
**Civ. No. 3:24-cv-107 (GC)(JBD)**
**Our File No. 01195**

Dear Judge Castner,

Please accept this letter in response to the pre-motion conference letter of defendants Delaware Valey Regional High School Board of Education, Scott McKinney, and Ashley Miranda (together, "Board Defendants"), wherein defendants wish permission to file a motion seeking partial dismissal. The request should be denied.

**A. *Mirabelli's* holding tells us that qualified immunity is not available to McKinney and Miranda.**

In *Doe v. Pine Richland Sch. Dist.*, 2026 U.S. App. LEXIS 11546 (3d Cir. 2026), the Third Circuit reversed the District Court's determination that parents of a child who had moved out of the school district did not have standing to sue for damages arising from the district's gender transitioning of their daughter. In partial dissent, Judge Hardiman agreed that the plaintiffs could seek recovery for past damages, but dissented to the extent that the Decision did not allow for the plaintiff to seek future damages. While the issue of qualified immunity, itself, was not the subject of the Decision, the fact that the unanimous Third Circuit found standing to seek damages is telling.

To the extent there is any doubt that qualified immunity is not warranted in the within case, it should be erased by the Supreme Court's Decision in *Mirabelli v. Bonta*, 607 U.S. 492 (2026).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (quotation omitted). "A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (quotation omitted). "[C]ase law does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (quotation omitted).

In *Mirabelli*, *supra*, 607 U.S. at 497, the Supreme Court held (emphasis added):

> Under **long-established precedent**, parents--not the State--have primary authority with respect to "the upbringing and education of children." *Pierce* v. *Society of Sisters*, 268 U. S. 510, 534-535 (1925); *accord*, *Meyer* v. *Nebraska*, 262 U. S. 390, 399-400 (1923). The right protected by these precedents includes the right not to be shut out of participation in decisions regarding their children's mental health. *Parham* v. *J. R.*, 442 U. S. 584, 602, (1979). Gender dysphoria is a condition that has an important bearing on a child's mental health, but when a child exhibits symptoms of gender dysphoria at school, California's policies conceal that information from parents and facilitate a degree of gender transitioning during school hours. These policies likely violate parents' rights to direct the upbringing and education of their children.

Consequently, the Supreme Court has already answered the question of whether qualified immunity pertains to McKinney and Miranda. Their actions in enforcing official policy violated long-standing Fourteenth Amendment substantive due process rights of which they should have been aware. Thus, they are not afforded qualified immunity.

**B. The "Privileges and Immunities" Clause claim is brought to preserve a claim.**

Mr. Heaps is aware that his Privileges and Immunities clause claim cannot succeed at the District Court level. However, as set forth in ¶96 of the Third Amended Complaint, Mr. Heaps seeks to have the *The Slaughter-House Cases*, 83 U.S. (16 Wall.) 36 (1872), "expanded, abrogated, narrowly construed, confined to their own facts, and/or overruled, since without such authority as intended by the drafters of the Fourteenth Amendment, courts applying the Constitution are powerless to curtail and to place guardrails on state actors to prevent them from intruding on the privileges or immunities of citizenship as were originally intended to be protected by the Fourteenth Amendment." Such claim does not have to be dismissed at this stage. Rather, litigation should proceed in the normal course at this time, with such claim being dismissed prior to trial. This way, appropriate discovery can be used to further highlight the import of the requested relief.

**C. The NJCRA claims.**

For the same reasons as set forth above, the claims pursuant to the New Jersey Civil Rights Act ("NJCRA"), *N.J.S.A.* 10:6-1 *et seq.* claims are viable.

**D. The 'Name Change' Claim is viable.**

Board Defendants argue that the claim involving *N.J.S.A.* 2A:52-1 ("Name Change Statute") is untenable (1) because the statute does not provide for a private cause of action and because the Board Defendants did not formally change the child's name.

Mr. Heaps agrees that the Name Change Statute itself does not provide a cause of action. However, the claim is not brought pursuant to the Name Change Statute, but rather, pursuant to the NJCRA, which reads at *N.J.S.A.* 10:6-2, in pertinent part:

> a. If a person, whether or not acting under color of law, subjects or causes to be subjected any other person to the deprivation of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, **or any substantive rights, privileges or immunities secured by the Constitution or laws of this State**, the Attorney General may bring a civil action for damages and for injunctive or other appropriate relief … (emphasis added)
>
> d. An action brought pursuant to this act may be filed in Superior Court. Upon application of any party, a jury trial shall be directed.

In the within action, the plaintiff alleges that the State deprived him of his rights to name his minor child by using a different name for the child in school without his permission. The District Defendants may also have kept a separate official record for the child under the new name, since its Policy 5756 provides for the same. Since there has not been any discovery as to this issue to date, it cannot be known whether an official record was kept under the female minor child's 'boy' name. If so, the District Defendants engaged in an official name change without permission and in violation of Mr. Heaps' rights as a parent, such that they violated his civil rights under the NJCRA.

For such reasons, we respectfully assert that the request for permission to file a motion to dismiss be denied, and that the parties be directed to commence with discovery, including *Fed. R. Civ. P.* 26 exchanges. We thank Your Honor for consideration of the above.

Respectfully yours,

**MURRAY-NOLAN BERUTTI LLC**

By: /s/ Ronald A. Berutti
Ronald A. Berutti

/RAB